EDGAR L. SNIDER v. CORNELIA S. SNIDER

21 So. (2nd) 546                   January Term, 1945
April 3, 1945                         Division A

*Paul M. Souder,* for appellant.
*John Fite Robertson,* for appellee.

ADAMS, J.:

Cornelia S. Snider sued her husband for divorce, alimony and asked for custody of their only child. Answer was filed and the case came on for trial; the testimony was personally heard by the circuit judge. Before proceeding with the evidence, defendant's counsel announced to the court he was of the opinion that plaintiff could prove her cause for divorce but the real controversy was the amount of money for plaintiff and the minor child.

After hearing testimony on the issue the court decreed a divorce to plaintiff, the custody of the thirteen year old boy and found:

". . . that the defendant has been the local distributor for the Sinclair Oil Company at Columbus, Indiana, for approximately fourteen years; that his gross income therefrom exceeded $17,000.00 per year for the years 1941 and 1942 and $15,000.00 for 1943; that, although the defendant has actually resided and been in Sarasota County, Florida, during said period of time, except for a portion of the summer months of each year and at intervals during the fall of 1943 and the first half of 1944, the said business has yielded the defendant, according to income tax returns prepared and filed by him, of over $4800.00 for the year 1941, of over $5000.00 for the year 1942, and of over $3200.00 for the year 1943, even though defendant has not been there to give his personal attention to said business, except at intervals as shown by the evidence. That in addition to the net income there have been paid certain life insurance premiums.

The Court further finds that, although the evidence of the defendant shows that large sums of money were obtained by him from his father in addition to his income from said business, that the parties have lived on an expensive scale, including the ownership and operation of three automobiles including a Cadillac and a Lincoln and have also purchased and maintained an expensive riding horse for the child, and that the defendant has been frequenting the cafes and bars of Sarasota three and four evenings a week and spending from $5.00 to $25.00 each evening.

The Court further finds that the plaintiff and defendant are the owners by the entireties of a home in Avondale, a subdivision of Sarasota County, Florida, on which there is an existing mortgage of approximately $4500.00, payable in quarter-annual sums of $201.00 and that the defendant has been making the plaintiff an allowance of $250.00 per month from which to pay household expenses, including groceries, telephone, maid service, yard man service, and to purchase certain clothing for the plaintiff and the minor child.

The Court further finds that the cruelty of the defendant to the plaintiff has been both physical and mental and of an extreme nature and extending over a period of more than ten years and that these facts entitle the plaintiff to a liberal award of alimony.

It is therefore ordered, adjudged and decreed, that the defendant do pay to the plaintiff on or before the 15th day of July, A. D. 1944, and thereafter on the 15th day of each succeeding month, the sum of $175.00 alimony, and an additional sum of $50.00 per month for the maintenance of the minor child during the ten months of each year when the said minor is in the custody of the plaintiff.

It is further ordered, adjudged and decreed, that as the maintenance of a home is primary importance for the plaintiff and minor child, the defendant is hereby required to maintain such for them, and the plaintiff is therefore awarded the use of the homeplace in Avondale and the defendant is hereby required to pay the quarter annual payments due and to become due on the mortgage held by the Jefferson Standard Life Insurance Company and also pay the taxes and insurance thereon. In case of the sale of the above property by the parties; who will become tenants in common upon the entry of this decree, the defendant is hereby ordered to maintain another appropriate home for the defendant and the minor child, and in failure thereof the amount of the alimony awarded to the plaintiff is hereby increased by the sum of $45.00 per month.

"The plaintiff's one half undivided interest in the homeplace shall become charged with one half of the sums paid by the defendant on the Jefferson Standard Life Insurance

mortgage, and for one half of the taxes, insurance and any repairs made by him, and he shall be re-paid the one half of such sum from the one half net proceeds of the sale of said property coming to the plaintiff upon the sale or disposition of the same."

From our study of the evidence we cannot say that the chancellor erred. A strong showing is required to disturb the decree when the chancellor had the parties and their witnesses before him and where he made findings of fact in support of his decree. We cannot say the findings are not substantially sustained by the evidence. We do not think it necessary to conjecture what may be required under changed conditions in the future. The chancellor has power to take care of these contingencies by appropriate order when importuned by the parties.

The decree is affirmed without prejudice to the lower court to make such modifications as though no appeal had been prosecuted.

Affirmed.

TERRELL, BUFORD and CHAPMAN, C. J., concur.