THOMAS, Justice.
The appellant was unsuccessful in his suit against the appellee to secure a divorce on the ground of extreme cruelty, “mental in nature,” and he appealed from the decree.
As we construe her answer the appellee prayed that the divorce be denied, but in the event it was granted that she be awarded an interest in the plaintiff’s property and a suitable sum for permanent alimony.
After the chancellor had heard testimony that covered nearly four hundred pages when transcribed he entered a decree in which he found that the appellant had failed to sustain by sufficient evidence the alleged ground for divorce; ordered the payment periodically of specified amounts as “alimony unconnected with divorce”; and determined that the appellee had no equity, right or interest in certain described property of the appellant.
From our study of the record and briefs we have .concluded that we are obliged to deal with only three aspects of this controversy: the divorce itself, the property and the alimony.
 The first of these may be determined by invoking the rule, long ago announced, that we will not undertake to retry a case on the facts but will accept the chancellor’s construction of conflicting evidence and will not disturb his findings unless it be clearly shown that he made a mistake. The chancellor ' heard the witnesses, evaluated their stories and chose to believe the versions that supported ap-pellee’s position. There was abundant testimony that he was privileged to believe, and, believing, justified the decree favoring the appellee.
On the other two questions we do not find ourselves in accord with the chancellor’s rulings. Once he had decided no divorce should be granted there was no occasion to go further and determine that the appellee had, or had not, an interest in property of the appellant. The relationship of husband and wife having been conserved there was no reason to -explore and fix the respective interests of the parties as if dissolution had been decreed. Clawson v. Clawson, Fla., 54 So.2d 161.
There was no basis in the pleadings for that part of the decree ordering the appellant to pay alimony even though it was specified that the alimony be “unconnected with divorce.” As we stated at the outset the prayer in appellee’s answer can only be interpreted as seeking such relief in the event appellant was granted a divorce. And that must have been what the appellee meant for she assigned as error that part of the decree allowing such alimony, and she now represents to this court that she “did not pray for alimony unconnected with divorce and does not desire that it be awarded to her.” The inclusion of this provision in the decree was clearly erroneous.
That portion of the decree dismissing the bill of complaint is affirmed; those portions referring to property rights and alimony are reversed with directions that they be deleted.
Affirmed in part, reversed in part.
HOBSON, C. J., and ROBERTS and DREW, JJ., concur.