66 So.2d 228 (1953)
BLUE
v.
BLUE.
Supreme Court of Florida, Special Division B.
June 23, 1953.
John B. Amos and Frank H. Hendrix, Fort Walton, for appellant.
Liddon, Isler & Welch, Panama City, for appellee.
JONES, Associate Justice.
This appeal is before the Court to review the Final Decree in a divorce cause from the Circuit Court of Bay County wherein Archie D. Blue, husband and Defendant in the lower Court, and Appellee here, upon his counterclaim, was awarded a decree of divorce from Mary P. Blue, wife and plaintiff below and Appellant here, together with certain other relief as prayed for including custody of the three year old minor daughter of the parties hereto.
Appellant wife, in her complaint sought a divorce, custody of the two minor children (the older child, four and one-half *229 years of age, was not an issue of this marriage), temporary and permanent alimony, temporary and permanent attorney fees and an equitable division of the property jointly owned by the parties in an estate by the entireties, including an established business, alleging that the Appellee husband had been guilty of extreme cruelty and habitual intemperance.
To this complaint, Appellee filed his answer denying the acts as alleged and counterclaimed against Appellant charging her with adultery and extreme cruelty and seeking custody of the minor children. Appellant answered with a denial of the allegations as set forth in the counterclaim.
Final hearing on the merits of the cause was held before the Chancellor and upon conclusion of all the testimony Final Decree was entered finding that the equities of the cause are with the Appellee husband on his counterclaim though not specifying the charge or charges, if such be, upon which he predicated his findings.
Thereafter, the Appellant wife filed Petition for rehearing alleging that the Plaintiff had discovered and was prepared to prove by competent evidence that during the months of May and June, 1952, before the entry of the Final Decree in this cause herein, that the Defendant engaged in a number of adulterous relationships with two named women in the State of Alabama and the State of Florida and attached to this Petition were four affidavits in support of said Petition. That the information as set forth in said Petition came to the knowledge of the Plaintiff for the first time after the entry of the Final Decree, and that she could not have known of or discovered such information any earlier by the exercise of reasonable diligence, in view of the secret and hidden nature of the acts and conduct of the Defendant as claimed therein, and that such new evidence is relevant and material to the cause and not merely cumulative or corroborative and would produce a different determination of said cause in that the conduct of the defendant shows that he is not a fit and proper person to have the custody of the minor daughter of the parties and is not entitled to the divorce as awarded to him.
A careful review of the testimony offered by the Appellee husband in support of the adultery charge against Appellant wife fails to establish or prove any facts that she had committed adulterous acts. There is evidence indicating or showing indiscreet conduct on her behalf not befitting a wife, but without any competent facts evidencing a compromising situation at any time. A finding of adultery would, at best, be a product of suspicion, imagination and speculative possibility. The facts and circumstances adduced on this charge do not meet the requisite as announced in Braznell v. Braznell, 140 Fla. 192, 191 So. 457; Engebretson v. Engebretson, 151 Fla. 372, 11 So.2d 322; Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537, and other decisions stating the law on this subject.
However, there was competent and substantial testimony adduced by Appellee husband in proof of his charge of extreme cruelty against the wife by her acts and conduct with her alleged "lover" in the nature of personal and telephone conversations; open association with him; statement of her affection for him and various other acts which taken together warrant a finding in behalf of the husband.
As to the contention that the Chancellor abused his Judicial discretion in denying the Appellant wife a rehearing upon the ground of newly discovered evidence on her failure to exercise reasonable diligence in offering such evidence we find from the record that the Appellant filed her complaint on January 23, 1952; Appellee's answer and counterclaim was filed on February 26, 1952; answer to counterclaim was filed on March 6, 1952; that the testimony on the merits was heard on June 20, 1952; Final Decree was entered by the Chancellor on June 30, 1952; and Petition for rehearing was filed on July 21, 1952. Thus, it is seen that a period of four months and sixteen days elapsed from the time the cause was at issue until Petition for rehearing was filed and a lapse of twenty-one days from the date of the entry of Final Decree.
It is well settled that an Appellate Court will not disturb the order of a lower *230 Court in the exercise of its Judicial discretion unless an abuse of this discretion is clearly shown.
An important issue in this cause revolves around the welfare and custody of the minor daughter of the parties hereto whose care was awarded by the Chancellor to the Appellee father. This child is of the tender age of three years and living in a formative stage of her growth when decisive impressions of life are being consciously and unconsciously implanted within her moral fibers. She deserves that which can be best afforded under the circumstances toward creating a wholesome atmosphere conducive to development under sound spiritual and moral teachings. Welfare of the child being of paramount consideration even against the wishes or desires or relationship of the party seeking custody, quite naturally, the character and moral conduct of the person seeking custody must be probed and ascertained in the fulfillment of this obligation.
From the nature of the allegations of the Petition for rehearing and the supporting affidavits attached thereto, which purport to prove a series of acts of immorality prior to the entry of Final Decree, should, within itself, necessarily, give rise to and question the moral fitness of the Appellee father to rear and provide the care, companionship and early training so vitally required. It may be that the Chancellor would not disturb his prior rulings on the custody of the minor child after hearing the alleged evidence nevertheless, if, for no other reason, a just respect for the welfare of the child demands that the Chancellor hear and receive such competent testimony as may be offered relative to the morality of the parties in an effort to probe and conscientiously sift their character and conduct to ascertain proper custody.
For the reasons stated the Decree appealed from should be and is hereby, reversed, with directions to the lower Court to grant Petition for rehearing as filed herein by the Appellant wife.
TERRELL, Acting Chief Justice, and HOBSON and DREW, JJ., concur.