### GARNER v. GARNER.

Circuit Court, Palm Beach County.

October 8, 1954.

George L. Pink and Amos E. Jackson, both of West Palm Beach, for plaintiff.

Morrow, Fulton & Sullivan, West Palm Beach, for defendant.

C. E. CHILLINGWORTH, Circuit Judge.

This cause was duly tried by the court. Plaintiff husband seeks a divorce on the ground of extreme cruelty. The defendant denies the material allegations of the complaint and asks for separate maintenance. Both seek some appropriate division of their property and settlement of their financial affairs.

The parties have been married something over thirty years. They have had their differences. Some of her remarks were ill-advised. Her attitude toward her husband and his people was not sympathetic and considerate. He was impatient with her and unable to appreciate her physical and mental condition.

But with all of this there was never any physical violence and never any utterances or actions rendering the continuation of the marital relationship intolerable and impracticable. Merely because there has been a strained and unpleasant relationship between a husband and wife, it does not necessarily follow that one is entitled to a divorce on the ground of extreme cruelty.

In view of the fact that this court finds that there is no basis for a divorce, the parties remain as husband and wife. It follows that the court is without jurisdiction to effect any property settlement or division of their property beyond that required for maintenance and support of the defendant and the minor child. Zook v. Zook (Fla.), 63 So. 2d 642.

Thereupon, it is ordered that the bill be dismissed; that the defendant be awarded separate maintenance; that the plaintiff pay to the defendant the sum of $40 a week for her support and the support of the minor child; that the custody of the minor child, Nancy Charlotte Garner, be awarded to the defendant; that the plaintiff have the right to have the child visit him at all reasonable times and places; that the defendant be awarded exclusive posses-

14

sion of the premises heretofore utilized by the parties as their home place, particularly described as lots 30, 31 and 85 of Gales Lake Worth Subdivision in West Palm Beach; that the defendant utilize the property as a home for herself and the child; if others are to remain upon the premises, they may do so upon such lease basis and terms as may be fixed by plaintiff; that the defendant be awarded counsel fees in the sum of $250 to be paid by plaintiff within a reasonable length of time; that the plaintiff pay court costs of this cause; and that the court retain jurisdiction of this cause for the purpose of enforcing this decree and such modification as may be appropriate.