115 So.2d 456 (1959)
George ROGOFF, Appellant,
v.
Estelle ROGOFF, Appellee.
No. 59-232.
District Court of Appeal of Florida. Third District.
November 9, 1959.
Albion & Greenfield, Miami, for appellant.
Robert L. Koeppel, Miami, for appellee.
CARROLL, CHAS., Judge.
The appellant George Rogoff, who was the defendant in a suit for divorce filed by his wife in the circuit court in Dade County, has appealed from a final decree which (1) granted a divorce to the plaintiff wife on the ground of extreme cruelty, (2) awarded her custody of the minor child of the parties and made provision for visitation of the child by the father, (3) required him to pay $75 per week for "alimony and support of the minor child," (4) allowed the wife to occupy the home, and (5) found that the cash, securities and other property *457 given to the wife by her relatives should remain her separate property. The wife cross-assigned as error the court's refusal to allow her "temporary and permanent" attorney fees.
The provisions of the decree as to the divorce, custody of the child and visitation are not questioned, but appellant challenges the allowance of alimony and child support, and the ruling as to the wife's property.
Based on appropriate assignments of error the appellant argues three points. First, he contends that the court was in error in making an undivided award for alimony and child support. Where this question has been raised it has been held that such an award is not void, but that either party should be at liberty to apply to the trial court at any time for allocation of the separate amounts intended for alimony and for child support. Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754, 756; Zalka v. Zalka, Fla. 1958, 100 So.2d 157, 159-160; Katiba v. Katiba, Fla.App. 1959, 110 So.2d 693. Such division of the award may become important on later petitions to modify the allowance. This may be because of a change of financial status of the husband, or upon change of status of the former wife, such as by her becoming employed, or on remarriage or her death; or a change as to the child  by employment, marriage in the case of a daughter, death or attainment of majority. Here, however, the appellant argues that there is a present need for allocation of separate amounts to alimony and to child support, because of the benefit to him for income tax purposes. That would appear to be sufficient consideration for present separation of the amounts to the two subjects for which a combined sum was awarded. Appellant points out that he made application for such relief to the court by petition for rehearing following the entry of the decree, and that he has assigned error for failure of the court to grant that ground of his petition. We hold that the decree presently should be modified to that extent.
Appellant's second point presents an earnest contention on his part that the amount which the court allowed for alimony and child support was excessive, and beyond his ability to pay. The appellant who is a chiropractor, points to the evidence of his income as disclosed by certain recent income tax returns, in the filing of which his wife joined with him. As indicated thereby, appellant claims that his net income for the past three years was approximately $5,000 per year. The chancellor does not appear to have been satisfied from that evidence that appellant's net income was so restricted. Appellant's annual gross income during that time was around $13,000. Before their separation the appellant furnished his wife with $100 per week. Out of that she paid the monthly mortgage payment on the house amounting to $76.50, the housekeeping expenses, gasoline for the automobile she used and other personal expenses for herself and the child. Also, there was evidence that the wife returned to the husband $20 to $25 a week out of the amount she received. While the evidence regarding the needs of the wife and the child was meager, it appeared in the argument of the case that in claiming excessiveness of the award the appellant was not contending that the amount was more than the needs of the wife and the child called for, but rather that it was more than was justified on the showing as to his ability to pay. Appellant argues that because the appellee is able to work and has an established earning capacity of $75 per week as a school teacher, a smaller award of alimony should have been made. The appellee counters with the contention that she gave up teaching some years ago at appellant's request, and that she was not working at the time of the decree. The chancellor, on considering those facts and the contentions of the parties, appears to have made provision for the wife and child in an amount which appellant previously was able to and did furnish for their support and maintenance. Out of the amount provided for her by the decree she still will be required to pay the monthly *458 mortgage payments on the house, which she and the child will continue to occupy, and pay for their living expenses and personal needs.
It is well settled that the matters of allowance of alimony and child support are within the sound judicial discretion of the chancellor, based on the evidence presented, and due consideration of the needs of the recipients and the extent of the obligor's ability to meet these burdens. Pross v. Pross, Fla. 1954, 72 So.2d 671; Lindley v. Lindley, Fla. 1955, 84 So.2d 17; Astor v. Astor, Fla. 1956, 89 So.2d 645, 648. See Dworkis v. Dworkis, Fla.App. 1959, 111 So.2d 70. Such awards should not be disturbed unless they represent an abuse of discretion or are patently erroneous on the record; and an appellant carries the responsibility in an appellate court of clearly demonstrating such error. Here the appellant has not made such required showing. Pross v. Pross, supra; Picchi v. Picchi, Fla. 1958, 100 So.2d 627; Lauderdale v. Lauderdale, Fla.App. 1957, 96 So.2d 663.
The third point raised by the appellant deals with the holding by the court that certain securities were the property of the wife. The actual holding in the decree with respect to that subject was as follows:
"The cash, stocks, bonds, securities and other property that have been given to the plaintiff by her relatives shall be and remain her separate property, free from any claim of the defendant."
The appellee received certain gifts of cash and securities from her father during the marriage, including 100 shares of Tidewater Oil Company stock. Acting on her behalf, the appellant sold the Tidewater Oil stock and with the proceeds purchased 100 shares of General Development Corporation stock with the result that at the time of the final decree the value of the latter stock amounted to more than the then value of the Tidewater Oil stock which it had replaced. Appellant's contention that he should share in the increased value of such stock owned by the wife, for which no supporting authority was cited, appears without merit.
On the appellee's cross assignment of error, under the circumstances of the parties as disclosed by the record, it has not been shown that the chancellor abused his discretion in denying appellee's application for attorney's fees. See, e.g., Stone v. Stone, Fla.App. 1957, 97 So.2d 352, 354.
Accordingly, the final decree appealed from is affirmed, but with directions to modify the decree to allocate separate amounts for alimony and for child support.
Affirmed, and remanded for modification.
HORTON, C.J., and PEARSON, J., concur.