BARKDULL, Judge.
The appellant, defendant below, seeks review of a final decree of divorce granted to the appellee-plaintiff, wherein, in addition to the granting of a divorce to the wife and giving her $600 a month as alimony and support, the chancellor adjudicated that the wife was entitled to a $7,000 return of monies invested in a filling station business and decreed her to be a one-half owner thereof.
Appellant does not question the correctness of the chancellor’s adjudication of the divorce, but does question the propriety of the final decree in the following respects: (a) Insufficiency of evidence to support the award of alimony and support; (b) Failing to allocate the $600 per month award as to alimony or child support (there being a six-year-old child of the parties in the care, custody and control of the wife), and (c) Returning to the wife the $7,000 investment in the business and declaring her a one-half owner thereof.
From a review of the record in its entirety, it appears apparent that the chancellor did not intend to give unto the wife $600 a month as alimony and support, together with one-half of the profits of the service station business. Any such award would have been disproportionate in light of the evidence as to the scale of living of the parties and the abilities of the husband.
There was no error in the chancellor’s failing to allocate the award as to alimony and support, as the record fails to disclose any request for an allocation thereof. Rogoff v. Rogoff, Fla.App.1959, 115 So.2d 456.
It would be unjust to give the wife the return of her investment in the service station business and also decree her to be a one-half owner therein. The record appears to amply support the evidence that she is a one-half owner in the business, but it fails to support the return to her of her $7,000 investment which, under normal circumstances, would be accounted for upon the dissolution of the business by sale or otherwise.
Therefore the final decree is reversed as to the award of the $7,000 and remanded to the chancellor to re-determine the amount of alimony and support, in accordance with the views above expressed. In all other respects, the final decree is affirmed.
Reversed in part, affirmed in part, and remanded with directions.