PEARSON, TILLMAN, Chief Judge
(dissenting).
It is my view that the award of custody contained in the final decree should be reversed and the cause remanded for a retrial of that issue because of error prejudicial to the appellant-father, in that the chancellor mistakenly rejected competent evidence as to the fitness of the appellee-mother to have custody of the minor children. It is axiomatic that the prime concern of a court in determining custody is the welfare of the children.
While a father may he estopped to present evidence as to premarital conduct of a wife upon the issue of divorce, it does not follow that this principle of estoppel should be applied to a situation involving the welfare of the children. The State has an interest in the well-being of the children in this case which transcends the rights of the parties and their dealings with each other.
I think the evidence proffered had a direct bearing upon the fitness of the appellee to have custody of the children and directly affected their welfare. As such it should have been heard and considered by the chancellor. Cf. Blue v. Blue, Fla.1953, 66 So.2d 228.