CARROLL, Judge.
The initial opinion on this appeal was filed February 26, 1963. On petition of the appellee we granted rehearing, following which we withdraw the opinion of February 26,1963, and file this revised opinion.
The appellee Rosa Smith sued her husband for separate maintenance unconnected with divorce under § 65.09, Fla.Stat., F.S. A. Fie counterclaimed for divorce. The cause was tried before the chancellor, and *449 the wife prevailed. The final decree dismissed the husband’s counterclaim, set aside an ante-nuptial agreement, ordered the husband out of the home owned by him and gave the wife possession thereof, allowed the wife $50 per week alimony, awarded her $6,000 which was in the husband’s name in a savings account, and ordered the husband to pay $2,000 attorney fees to the wife’s attorneys. On appeal the husband challenges each of those provisions of the decree.
 The decree is affirmed except for the provision relating to the $6,000 savings account, as to which it is reversed. In a separate maintenance proceeding under § 65.09 the court should not adjudicate property rights of the parties, who remain husband and wife. See Bredin v. Bredin, Fla. 1956, 89 So.2d 353, 61 A.L.R.2d 942; Naurison v. Naurison, Fla.App.1959, 108 So.2d 510. Under those authorities if the wife claimed an interest in the savings account which stood in the husband’s name, ostensibly as trustee for her, she was not entitled to have her property rights therein litigated and determined in her separate maintenance suit. Nor could that $6,000 be considered to have been properly awarded to the wife as lump sum alimony. Lump sum alimony is allowed only when decreeing divorce. See § 65.08, Fla.Stat., F.S.A.; Bredin v. Bredin, supra.
The alimony and attorney fee allowances which were challenged as being excessive will not be disturbed. Such allowances are matters within the chancellor’s discretion, and the party objecting thereto on appeal has the burden of showing that they represent a clear abuse of discretion. No such required showing has been made. See Snider v. Snider, 155 Fla. 788, 21 So.2d 546; Blue v. Blue, Fla.1953, 66 So.2d 228; Astor v. Astor, Fla.1956, 89 So.2d 645.
The decree requiring the husband to move and permitting the wife to have the use of the residence premises which was owned by the husband, was proper as a provision relating to separate maintenance of the wife. This was expressly sanctioned by the Supreme Court in Randall v. Randall, 158 Fla. 502, 29 So.2d 238, 241-242. That provision of the decree did not affect the husband’s title to the residence property, and therefore was not an adjudication of the property rights of the parties such as is prohibited in separate maintenance under Bredin v. Bredin, supra. The appellant contends that it was an abuse of discretion for the chancellor to allow the wife exclusive use of his 3-bedroom 2-bath residence. There is considerable force to the argument that allowing the wife the use of a house of that size, which deprives the owner-husband of its use or of the right to dispose of it was an inappropriate or unwise ruling; however, upon according the chancellor the broad discretion reposed in him to make orders for the wife’s maintenance in such a proceeding, we conclude that no clear abuse of discretion is shown upon which to base a reversal of that provision of the decree. If changing circumstances of the parties shall be such as to prompt it, § 65.15, Fla.Stat., F.S.A. furnishes the method and basis for application to the trial court for modification.
Affirmed in part and reversed in part.