WIGGINTON, Judge.
This interlocutory appeal seeks review of an order denying appellant’s motion to dismiss the complaint filed by appellee. It is contended that the complaint fails to state a cause of action upon which the relief prayed may be granted, and that the court erred in entering the order appealed.
The complaint alleges that appellant and appellee are husband and wife who are separated and have been living apart from each other since November 10, 1962. The parties are the joint owners of a sum of money which at the time of their separation was on deposit in a joint savings account in the State Bank of Jacksonville. It is alleged that defendant has wrongfully withdrawn the fund, and has failed and refused to remit to plaintiff her one-half share thereof. The complaint prays that defendant be required to account for the fund jointly owned by the parties, and by appropriate decree the fund be partitioned and defendant required to pay over to plaintiff her rightful share thereof.
It is appellant’s position that property accumulated by a husband and wife during coverture and in which each owns an undivided interest may not be liquidated and partitioned by a court of equity so long as the marriage relationship exists. Appellant relies in support of his position upon *329 the decision rendered by the Supreme Court in the Clawson case.[1]
In Clawson a suit was instituted by a wife against her husband alleging separation of the parties and also alleging that during their marriage certain described real and personal property had been accumulated through their joint efforts; that although title to the property had been taken in the husband’s name, each owned an undivided one-half interest therein. The complaint prayed for a decree of separate maintenance and also for a partition of the property and a distribution to the wife of her equitable interest therein. The prayer for separate maintenance and for partition of the property was denied, but the trial court placed the jointly owned property in the custody of a receiver with directions that the income derived from its use and operation be equally divided between the parties. On appeal the decree was reversed with directions that the receiver be discharged and the complaint dismissed. The question presented by the appeal was the propriety of the receivership, and allied with it the correctness of the division of the property by a decree rendered in an unsuccessful suit for separate maintenance. In resolving this question the Supreme Court said:
“But why should there be a designation or an adjudication of the respective interests in property a man and woman have accumulated by their combined efforts as mates while the relationship exists? In this particular case the wife wasn’t even favored with a decree that her husband maintain her; the unity or singleness of person still obtains, and will, so well as can now be told, as long as they both shall live. ******
“In the absence of a regular business partnership agreement, this writer can see no point whatever to adjudicating the respective interests of a man and wife in the property that has come to them as a consequence of their living as one, both contributing in services of different kinds to the marriage enterprise. From a -practical standpoint such an adjudication seems useless until the relationship itself is severed. It may well happen that these very parties will compose their differences and in such case they would resume normal relations as spouses while their property interests will have been settled as if they had been former business associates.”
The rule in Clawson was reaffirmed by the Supreme Court in the subsequent cases of Zook,[2] Junk[3] and Field.[4] In each of these cases it was held that so long as the marriage relationship exists between a husband and wife, a court of equity is without power to adjudicate or dispose of the respective interests which the parties hold in real property.
In the Naurison case [5] suit was brought by a wife for a decree awarding her alimony unconnected with divorce. In addition to awarding the wife periodic alimony, counsel fees, costs and other relief, the chancellor awarded her an undivided one-half interest in the marital home held as an estate by the entireties, as well as equitable ownership of eleven shares of corporate stock held in the name of the husband. In reversing that part of the decree awarding the wife an undivided interest in the marital home and ownership of eleven shares of corporate stock held in the name of the husband, the Third District Court of Appeal, speaking through Judge Horton, said:
“ * * * Such an action [for separate maintenance] does not contemplate or permit a resolution of their interests in jointly held property or *330 property held by the husband in which the wife claims an interest. The Supreme Court of Florida, in our opinion, placed at rest any question theretofore existing as to the authority of a chancellor to adjudicate such property rights between a husband and wife in an actiqn such as this when, in Bredin v. Bredin, Fla.1956, 89 So.2d 353, 356, 61 A.L.R.2d 942, it said:
“ ‘ * * * While a divorce decree brings about a termination and final disposition of the marriage relationship, a separate maintenance decree recognizes the continuation of the marriage relationship, the continuing right of the wife to participate in her husband’s estate on his death, as well as the possibility of a reconciliation that will end the necessity for the separate maintenance award.
“ ‘Although some cases can be found to the contrary, we are of the view that the better holding is that in a separate maintenance proceeding the courts deal only with the incomes of the parties and should not divest either of the corpus of his estate. While it remains the duty of the husband to provide for the wife in a fashion consistent with her need and his financial ability, taking into consideration the station in life which the parties occupy, there appears to be no justification in a separate maintenance proceeding unconnected with divorce to divide up the husband’s assets and deliver a portion of them in bulk to the wife while simultaneously continuing the marriage relationship and leaving vested in her all of her rights as a wife in the husband’s remaining assets.’ ”
A similar result was reached in the subsequent decision of that court in the Zakut-ney case.[6]
In the case sub judice it is argued that appellant husband has already reduced to his possession the fund of money in which appellee wife owns an undivided one-half interest, and that unless equity extends its aid to protect the wife’s interest it may be lost causing her damage for which the law provides no recourse. The same threat of loss to the wife of her interest in personal property was present in the Clawson case, supra, where the personal property in which the wife claimed an interest was in the possession of her husband who ostensibly could dispose of it and pass title by delivery without the wife’s consent. The same situation was present in Naurison, supra, with respect to the eleven shares of corporate stock in possession of the husband to which the wife was held to own equitable title, but which could ostensibly have been disposed of by the husband causing irreparable loss to the wife. In each of these cases the appellate courts nevertheless held that a court of equity is without power to either adjudicate the interest of the respective spouses in property jointly owned by them, or to make a division and disposition of the property to the spouses until such time as the bonds of matrimony are severed by an appropriate decree of divorce.
The most recent decision on the subject under consideration is the Smith case also decided by the Third District Court of Appeal.[7] In the wife’s suit for separate maintenance the chancellor not only awarded her periodic alimony, together with other relief, but also awarded her the sum of $6,000 which was in the husband’s name in a savings account maintained by him. In reversing that portion of the decree awarding the wife the fund in the savings account, the court said:
“ * * * if the wife claimed an interest in the savings account which stood in the husband’s name, ostensibly as trustee for her, she was not entitled to have her property rights therein litigated and determined in her separate maintenance suit.”
*331 All of the cases in which the rule of law heretofore stated has been pronounced were suits brought by the wife seeking separate maintenance and other relief. In some of the cases the decree was favorable to the wife on the issue of separate maintenance, and in some it was not. If, however, the rule is properly applicable in an action wherein the wife establishes her right to separate maintenance because of the fault of the husband, we can perceive of no sound reason why the rule would not be all the more applicable in a suit wherein the wife has not yet established that she is living separate and apart from her husband due to a default on his part which is of sufficient seriousness to constitute a ground for divorce.
When parties contract marriage they take a calculated risk that the marital relationship will not aways remain blissfully sublime. The books are replete with instances where spouses have been found guilty of pilfering from each other portions of marital assets and disposing of jointly owned property without the knowledge or consent of the other. Recourse for such losses of property and estate are not remedial until such time as the bonds of matrimony are legally severed. If courts of equity were required to adjudicate and partition the respective interests of married people in property jointly accumulated during cov-erture each time the parties temporarily separate from each other because of a marital dispute, more problems would be created than solved. The intervention of courts in matters of this kind would not only discourage reconciliation between separated spouses, but would go far toward destroying the family unit which the policy of the law has always sought to preserve.
For the foregoing reasons we are of the view that the complaint filed in this case seeks relief which a court of equity is precluded from granting. Because of its failure to state a cause of action* the complaint should be dismissed. The order appealed is accordingly reversed and the cause remanded for further proceedings consistent with the views expressed herein.
CARRO'LL, DONALD, K., Chief Judge, and RAWLS, J., concur.

. Clawson v. Clawson, (Fla.1951) 54 So.2d 161.

. Zook v. Zook, (Fla.1953) 63 So.2d 642.

. Junk v. Junk, (Fla.1953) 65 So.2d 728

. Field v. Field, (Fla.1953) 68 So.2d 376.

. Naurison v. Naurison, (Fla.App.1959) 108 So.2d 510.

. Zakutney v. Zakutney, (Fla.App.1963) 151 So.2d 299.

. Smith v. Smith, (Fla.App.1963) 151 So.2d 448.