## KLEIN v. KLEIN.
No. 66-C-501.

Circuit Court, Dade County.

March 23, 1967.

Edward N. Moore, Miami, for plaintiff.

Thomas H. Anderson, Miami, for defendant.

JAMES LAWRENCE KING, Circuit Judge.

This cause came on for hearing on plaintiff's petition for modification of final decree and the court, having heard extensive testimony of the parties and their witnesses for a period of trial time in excess of six full days, and having read the depositions and documentary exhibits admitted into evidence, and having considered the oral argument and written memoranda submitted by both counsel, finds as follows —

On January 14, 1966, the plaintiff-father filed a complaint for divorce in which he also sought temporary and permanent custody of the two minor children of the marriage. Temporary custody was granted to the plaintiff on January 17, 1966.

On April 7, 1966, the parties entered into an agreement, by the terms of which the father agreed that a psychiatrist named therein would determine whether or not the defendant-mother was capable of caring for the minor children of the parties. On April 11, 1966, the court entered a final decree of divorce, incorporating therein the agreement between the parties after holding a brief final hearing during which little or no testimony regarding custody or the fitness of either parent was presented to the court.

Shortly after the entry of the final decree, the defendant became emotionally ill, suffering from what has been diagnosed as either a depressive reaction or manic-depressive psychosis. Her illness became so serious that she was unable to care for the minor children of the parties and she voluntarily returned the custody of said minor children to the plaintiff-father on May 10, 1966.

The mother then went to Boston, Massachusetts, where she received treatment from several psychiatrists, and during which time she stayed at a mental hospital. The medical records and testimony revealed that she received at least eight electro shock treatments for her mental condition.

On July 27, 1966, the plaintiff-father secured an order from the court granting temporary custody of the minor children to him pending the filing and adjudication of plaintiff's petition

for modification of the final decree, and the children have been in his care since that time. On September 26, 1966, the court, after consideration of testimony, liberalized the visitation rights of the defendant-mother.

This court personally heard the testimony of more than 25 witnesses, in addition to the parties, on a half day on October 17, 1966 and for more than six full days in January of 1967. The court has also heard testimony from the parties and witnesses from time to time on the various motions filed in this cause.

The first legal problem involves the extent to which the court is bound and the extent to which it could or should allow an inquiry into the facts concerning the custody of the minor children, after entry of a final decree incorporating a stipulation of the parties as to custody. The court is of the view, concerning custody of minor children, that it is not bound by such a stipulation when there has been a substantial change of circumstances since the entry of the stipulation, and where proof of fitness for custody was not in fact presented to the court at the time of entry of the final decree. The court has a responsibility to fully examine all pertinent proof in the interest and welfare of the children involved.

Indeed, a final decree which determines custody is not — ". . . res judicata as to the conduct of the mother prior to the rendering of the final decree . . . as the proper custody of the minor child is a proper subject for consideration by the chancellor at any time, even if facts in issue could have been considered at a previous hearing, if such facts were not presented or considered at a former hearing." Meadows v. Meadows, 78 Fla. 576, 83 So. 392.

See also People of State of N. Y., ex rel. Halvey v. Halvey, 330 U. S. 610, 67 S. Ct. 903, 91 L. Ed. 1133; and Blue v. Blue, 66 So.2d 228, wherein the Florida Supreme Court said at page 230 —

". . . if, for no other reason a just respect for the welfare of the child demands that the chancellor hear and receive such competent testimony . . ."

This court is cognizant of the law that it should not consider this matter in the same light as it would have considered it had no final decree been entered. It recognizes that there are valid reasons for the difference in degree of discretion which may be exercised by the court in these two classes of cases.

The court is vested with the exercise of a broader discretion in entering the original final decree, because it devolves upon

the court at that time to determine the fitness of the parties for the custody of the children, and determine from all the facts presented what decree will be in the best interests of the children. When that decree has been entered, it is res judicata of those facts and circumstances and cannot be modified or changed thereafter — *unless it appears that there are some pertinent facts which the court did not know at the time of the entry of the decree, or unless there is an altered condition shown to have arisen since the decree.*

It is obvious to this court, and this court finds, that there is an altered and substantial change in conditions shown to have arisen since the decree, which requires the modification of the final decree for the welfare of the children, and in addition, there were material and pertinent facts which the court did not know at the time the final decree was entered.

This court makes the following further findings of fact and conclusions of law —

1. This court has jurisdiction of the subject matter hereof and the parties hereto, including the two minor children, Julie Diane Klein, age 7, and Susan Riva Klein, age 5, who are residing in Dade County, Florida.

2. That the minor children have been in the sole and exclusive care, custody and control of the father from approximately January 17, 1966, to the present with the exception of one month, from April 11, 1966, to May 10, 1966. The court finds that the children are happy in the father's custody. Since the children have been in the custody of the father, they are receiving the love and affection children must have, and their dress, their physical quarters and their general style of living is appropriate and in accordance with the needs of young female children. The home provided by the father is in a residential neighborhood very close to an elementary school.

3. The minor children were twice voluntarily left in the sole care of the mother by the father. The first occasion was when the parties separated in November of 1965, and the second occasion was when the plaintiff voluntarily relinquished custody in April of 1966. The evidence is clear, and this court finds, that on both occasions when the mother had the sole responsibility of taking care of the children she was unable to do so and each time, within one month, suffered an emotional or mental breakdown which impaired her ability to care for the minor children and rendered her an unfit person to have custody. The stress of caring for the minor children by herself was undoubtedly a contributing factor in the mother's breakdowns.

4. The court is impelled to the conclusion that the father is the fit and proper person to have custody of these minor children. The mother is not, and placing the children in the custody of the mother would not be in their best interests, but would, on the contrary, be harmful to their welfare.

It is therefore ordered, adjudged and decreed —

1. That the plaintiff's petition for modification be, and the same is hereby granted, and the exclusive and permanent care, custody and control of the minor children of the marriage, to wit: Susan Riva Klein, age 5, and Julie Diane Klein, age 7, be and it is hereby awarded to the plaintiff, Herbert Klein.

2. That the defendant is hereby granted visitation with the minor children in Dade County, Florida, on Saturday only of each and every week, commencing at 9 a.m. and ending at 7 p.m. until further order of the court. The father shall deliver the said minor children to the residence of the mother in Dade County, Florida, at 9 a.m. and pick said children up at the mother's residence at 7 p.m. on Saturday of each week as herein provided.

3. The parties be, and they are each, hereby enjoined from removing the children or causing them to be removed from Dade County, Florida.

4. The parties be, and they are each, hereby enjoined from going in or around the residence of the other party except as herein provided.

5. The court retains jurisdiction of this cause, the parties and the minor children for the purpose of enforcing the terms of this order and making such further orders as may be necessary from time to time.