196 So.2d 771 (1967)
Jerri POLLAK, Appellant,
v.
Paul POLLAK, Appellee.
No. 66-228.
District Court of Appeal of Florida. Third District.
March 28, 1967.
Irving Cypen, Miami Beach, Sam Daniels, Miami, for appellant.
Frates, Fay, Floyd & Pearson, Miami, for appellee.
Before HENDRY, C.J., CARROLL, J., and LOPEZ, AQUILINO, Jr., Associate Judge.
CARROLL, Judge.
The appellant Jerri Pollak filed suit against her husband Paul Pollak under § *772 65.09 Fla. Stat., F.S.A., for alimony without divorce and child support. The defendant husband answered and counterclaimed for divorce charging plaintiff with extreme cruelty, and seeking custody of the children.
The final decree, entered after trial before the chancellor, denied the wife's prayer for separate maintenance and granted the husband a divorce. In dealing with custody of the four children of the marriage (a daughter aged 17, and three sons ranging in age from 9 to 15 years), the decree awarded custody of the sons to the husband, and awarded custody of the daughter to the wife with $500 per month for support of the daughter. By the decree the wife was granted lump sum alimony in the amount of $150,000, payable in monthly installments of $1,250 over a period of 120 months. In addition, she was allowed use of the family home, which the husband was ordered to maintain, and granted $25,000 as attorney fees, and costs.
On her appeal the wife presents three points, contending the court erred (1) in denying her prayer for separate maintenance and granting a divorce to the husband, (2) in awarding custody of the boys to the husband, and (3) in making an inadequate allowance of alimony.
In contending for reversal of the provision of the decree which granted a divorce to the husband, the wife does not dispute the conclusion reached by the chancellor that she was guilty of extreme cruelty toward the husband, but contends he condoned her actions. The chancellor found against the wife on her claim of condonation, and an examination of the record discloses the evidence furnished adequate support for that ruling. The chancellor was entitled to regard the record as showing there was an absence of forgiveness by the husband, essential for condonation. Seiferth v. Seiferth, Fla.App. 1961, 132 So.2d 471; Mickler v. Mickler, Fla.App. 1958, 101 So.2d 157. No useful purpose would be served by detailing the facts revealed by the evidence.
We find no basis in the record to hold that the awards of custody represented an abuse of discretion, or were not for the best interests of the children  a consideration of paramount concern in fixing custody. Preliminarily, it should be noted that the decree determined custody of the children in accordance with their expressed preferences. Two of the boys preferred to be with their father. A third expressed willingness to be with either parent. The daughter chose to remain with her mother. The children, with possible exception of the youngest, were of an age which entitled their stated preferences to be given some weight by the chancellor. Eddy v. Staufer, 160 Fla. 944, 37 So.2d 417, 418. But aside from that feature, the custody ruling was adequately supported by the evidence as it bore on the fitness and circumstances of the parties. Without need to elaborate thereon, we are of the opinion that based on the evidence the chancellor was justified in his conclusion that custody of the three boys should be granted to their father. The situation as to the daughter was different. At the time of the decree she was 17 years of age, was planning to enter college, and had expressed a desire to remain in her mother's custody. Under the circumstances, the argument on behalf of the wife that the award of custody of the boys to their father should be reversed as being contrary to a policy favoring award of all children to one parent, does not appear applicable.
Regarding alimony, it is argued on behalf of the wife that the financial status of the husband, and their former standard of living, were such as to require award of a greater amount of alimony, and that "the chancellor substantially reduced the alimony awarded the wife as a punishment for her misconduct." We are unable to agree with the appellant that the record supports those arguments. The portion of the record relied on by appellant in this *773 contention shows the chancellor was concerned with a question of whether any alimony should be allowed, that he concluded it should be, and then allowed the wife alimony in the amount he determined was proper.
The allowance of alimony as fixed by the chancellor on consideration of the evidence and the exercise of his discretion should not be disturbed by an appellate court unless abuse of discretion is clearly shown, and the party complaining on appeal has the burden of demonstrating on the record such abuse of discretion. Snider v. Snider, 155 Fla. 788, 21 So.2d 546; Blue v. Blue, Fla. 1953, 66 So.2d 228; Astor v. Astor, Fla. 1956, 89 So.2d 645. No abuse of discretion by the chancellor has been shown which would justify this court in reversing or altering his award of alimony.
No reversible error having been made to appear, the decree appealed from should be and hereby is affirmed.
Affirmed.