ON PETITION FOR REHEARING
WALDEN, Judge.
This court in its opinion approved the award to the wife of a special equity in the husband’s securities. The husband now complains because of the failure of the trial court and this court to take written notice and make some specific provision as concerns the fact that the securities were under pledge to secure a personal indebtedness of the husband.
This matter was only peripherally or incidentally treated in the appellate presentment, as can be seen by the frame of the appellate questions. It was the husband’s thrust that the trial court simply should not have awarded the wife any interest or special equity. Regardless, this court was mindful of the circumstance and felt, as a matter of course and usual understanding, that the award would be subject to the indebtedness since it was not specifically stated that the award was to be free and clear of all pledges and encumbrances. However, since some confusion seems to have been engendered, we now speak to the proposition in order to clarify and to hopefully bring this marital controversy to an understandable conclusion.
The husband did in fact borrow money and pledge the stock in question as security, with the loan proceeds being used in whole or large part in the procurement of a new business venture, Lee Innkeepers, Inc. The wife’s contributions supported her claim to special equities and she was awarded a one-half equitable interest in both the securities and Lee Innkeepers, Inc. It would be grossly unfair and unsupportable to award her the interest in the stock without regard to the debt, and on top of that an interest in Lee Innkeepers, Inc., where, as stated, the loan proceeds realized from the pledge of the stock were used to create Lee Innkeepers, Inc. Lyons v. Lyons, Fla.App.1968, 208 So.2d 137; Perlman v. Perlman, Fla.App. 1961, 134 So.2d 263.
Thus, it is and was our intention and holding that the wife was entitled to a one-half interest in the securities in question subject to the pledged indebtedness as it existed at the time of final hearing. It is not our intention to make the wife personally liable on the husband’s notes. Thus, depending upon the wishes of the parties whether to sell now or to retain joint ownership, the matter shall be administered under the trial court’s post judgment jurisdiction and discretion. When the securities shall be sold the proceeds thereof shall be first applied to the pledged indebtedness, and the husband shall be entitled to credit for any payments that he shall have made upon the debt since final hearing, less any income that he may have derived. The balance shall be divided equally. Of course, if the wife shall volunteer to make payments or shall receive income from the securities, that matter shall be likewise adjusted between the parties.
With these statements of clarification, the appellant’s petition for rehearing is denied.
Denied.
REED, C. J., and OWEN, J., concur.