NATHAN, Judge.
The husband, respondent in the circuit court, appeals from a final judgment of dissolution of marriage as to the amount of support monies for the two minor children of the parties and from an interlocutory order denying the husband’s motion to compel the wife to execute and deliver a quit claim deed as per an agreement made by the parties and incorporated in the final judgment.
The final judgment reflects, and it is not refuted, that the husband and wife entered into an agreement as to custody of the children with the wife, waiver of alimony by the wife and an apportionment of the real and personal property of the parties. The issues of child support and attorneys fees were to be determined after the court heard the testimony of the respective parties. The judgment incorporated the stipulated property settlement agreement between the parties and awarded the wife $250 per child, per month, or a total of $500 per month, as child support for the period of one year, after which time the court would review the amount of child support ordered to be paid. The final judgment was entered on May 30, 1974, *436 and on June 24, 1974, the trial court denied the husband’s motion to compel compliance by the wife with that part of the final judgment requiring her to execute a .quit claim deed to the husband of all of her interest in the real property.
“It is well settled that the matters of allowance of alimony and child support are within the sound judicial discretion of the chancellor, based on the evidence presented, and due consideration of the needs of the recipients and the extent of the obligor’s ability to meet these burdens. Such awards should not be disturbed unless they represent an abuse of discretion or are patently erroneous on the record; and an appellant carries the responsibility in an appellate court of clearly demonstrating such error.” Rogoff v. Rogoff, Fla.App.1959, 115 So.2d 456, 458. Although the testimony and other evidence as to the amount needed by the wife for the support and maintenance of the children and as to the husband’s ability to provide such monies, is relatively meager, we find that the husband has not demonstrated patent error or abuse of discretion so as to warrant reversal. The judgment recites that the child support payments shall continue for a period of one year only, after which time the court will review same. Therefore, the judgment as to child support is affirmed since it appears that the court will shortly take testimony again as to the needs and abilities of the respective parties.
We do find, however, that the trial court erred in not compelling the wife to comply with the voluntary property agreement set forth in the final judgment. We hereby reverse the order denying compliance and direct that the court require the wife to comply with this provision of the final judgment.
The wife has filed a cross-appeal contending that the trial court erred in awarding an inadequate amount of child support and further erred in awarding only $400 for the wife’s attorneys fees. The cross-appeal is without merit and the order of the trial court thereon is affirmed.
Affirmed in part, reversed in part and remanded with directions.