WARNER, J.,
concurring in part and dissenting in part.
While I concur in the majority opinion on the issues addressed, I would also have reversed the trial court’s denial of the former husband’s Motion for Reconsideration pursuant to Florida Family Law Rule of Procedure 12.530, which incorporates Florida Rule of Civil Procedure 1.530. In his motion, the former husband sought to reopen the testimony to consider newly discovered evidence, namely, the fact that since the conclusion of the final hearing, his contract for employment had been renewed at half of his previous salary. Although the trial was held in December, the former husband moved for reconsideration in the beginning of February, and the trial court had not yet entered a final judgment. The court denied the motion, suggesting that the former husband file a supplemental petition for modification after the final judgment was entered. The court entered the final judgment nearly three months later, imputing to the husband his former salary.
Rule 1.530(a) allows a court, in non-jury matters, to “open the judgment if one has been entered, take additional testimony, and enter a new judgment.” Although discretionary, where the party has been diligent in presenting the newly discovered evidence to the court, and it bears on a *900 material issue in the case, a court abuses its discretion in not hearing such evidence. See Blue v. Blue, 66 So.2d 228, 230 (Fla. 1958) (trial court abused its discretion in denying wife’s motion for reconsideration of newly discovered evidence, namely the adultery of the husband, as the issue of custody of the child was an issue upon which such evidence may be material). In this case, the former husband’s earning capacity was central to the determination of alimony, the main dispute in this case. He had testified at the final hearing that he had not been offered another contract as of the date of the final hearing, and he moved expeditiously for the trial court to consider the newly discovered evidence, which was produced well in advance of the final judgment and clearly could not have been produced at the final hearing. On these facts, as well as the example provided by Blue, I conclude that the trial court abused its discretion in denying the motion. .