DAYTON, Associate Justice.
This is an' appeal from an order entered' by the Circuit Court of Leon County modifying, as to custody and maintenance of the minor children of the parties, a final decree of divorce previously entered by said court.
The testimony of witnesses at the hearing on the petition for modification of the final decree of divorce was not reported. Counsel for the respective parties have stipulated as to the material facts testified to by the witnesses at such hearing, except that the testimony of Claire Love Dunlap, minor child of the parties, was heard in private by the Chancellor and is not available for the record here.
It is contended by the appellant that the Chancellor erred in finding that material changes in circumstances had occurred to-the extent that it was to the best interest of the children that the final decree be modified.
The original final decree granted custody of the children to the appellant with the provision, however, that the appellee should have the right to have the children live with her for six months of each year. The parties agreed that in order to avoid a change *222 of custody during a school year the children would live with appellee during the last six months of one calendar year and the first six months of the next calendar year.
The testimony of appellee in the original divorce proceeding, which is not contradicted, was that at the time of the-final decree she was not well “Physically and,mentally”, and that as a result of her condition she agreed to the award of custody of the children to appellant “For the time being” in order that she might receive medical treatment.
The record of the testimony taken before the Court below at the hearing on the petition for modification of the final decree shows that appellee had received psychiatric treatment since the final decree. She responded to such treatment in such a way that her health was restored and she made a full recovery. She was able to become gainfully employed and to care for the children properly.
It appears to us that the degree of rehabilitation achieved by the appellee since the rendition of the final decree amply supports the finding of the Chancellor that altered conditions had arisen since the decree sufficient to warrant its modification.
The judgment of the lower court is, therefore, affirmed.
ROBERTS, €. J., and TERRELL and SEBRING, TJ., concur.