TERRELL, Justice.
November S, 1952, appellant secured a divorce from appellee for habitual intemperance. Custody of their minor child was awarded appellant with visitation privileges by the mother. August 26, 1953, on petition of appellee, the final decree of divorce was modified as to custody of the minor child, William Roderick- Bryan, now five years old, 'by awarding it to appellee from the first of September, 1954, until the end of the year; thereafter the father was to have custody except on certain holidays and for the months of June, July and August, during which time the mother was to have custody. The modification decree went on to- provide -that during the times the mother was to have custody of the child it would -be necessary that she deposit with the Clerk of the Circuit Court the sum of $3,500 as a condition precedent to taking custody. It appears from the record that the appellee mother now resides with her mother in Baxley, Georgia, and that it is contemplated that the child will be taken from the jurisdiction of the trial court during the times the mother is entitled to custody.- We are confronted with an appeal from the latter decree.
Reduced to concrete syllabus, the only point for determination is whether or not the facts adduced warranted the chancellor in partially changing the custody of the minor from the father to the mother.
*190 Answer to the- question is resolved by answer to the query, does the interest of the minor child require the partial change in custody. The chancellor took the testimony and gave an affirmative answer to the query. His, power to do this is too well settled to require supporting authority.. Appellant makes much of the fact that'.only about ten months prior to the decree appealed from the chancellor had given sole custody to the father and that there is not sufficient showing of changed circumstances to warrant the modification of the custody order. The chancellor had another view about this and there is evidence to support his decree.
The question of partial custody was no doubt a troublesome one to foreclose. Excessive drinking appears to have brought about marital bankruptcy and to ‘have driven the marriage on the rocks. The father and mother were both liquor addicts. It is charged that she imbibed because he encouraged her to do so. It is quite evident that both were emotional juveniles, neither having learned that marriage is an adventure into maturity, a ‘ responsibility to state, society and the family, rather than a temporary tie-up with about as much sanctity as a horse trade. Before the, ink was dry on his divorce, appellant experienced his fifth matrimonial venture, yet by the calendar he is many years under the average expectancy determined .by the actuaries.' There was evidence to convince the chancellor that appellee was staging a comeback, that her general condition tinder her mother’s and brother’s guidance is improving, that she derives, from a very reputable family with a record of achievement in good citizenship and with that background she will provide good .home environment in which to raise and train the minor child. Aside from -the fact that she is the natural mother, the prospect she proposes to improve its condition bodes better than anything offered by the father who knew no surcease for marital stress but flight.
This seems to have been the main inducement which led the chancellor to partially change custody to the mother. He had the parties before him and we cannot say. that he was in error. His judgment is therefore affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS^ JJ., concur.