ALLEN, Judge.
This is an appeal^ from an order modifying the final decree in a divorce case. Kel-ton L. Johns petitioned the court for modification of the final decree which had been entered in the suit for divorce brought by the petitioner’s wife. In the original suit, petitioner had, with his wife, stipulated that the parties’ two minor children be placed in the custody of their maternal grandmother. Petitioner sought to have such custody transferred to himself.
*785 The record shows that at the time of the divorce the petitioner was in the military service and agreed to have the custody of the children placed with the mother of his wife. The record further shows that subsequent to the divorce, the petitioner remarried and, at the present time, has a home available for his two children. The lower court, in his order granting the change of custody from the maternal grandmother to the father, found that the mother of the children was not a proper person to have their custody and further found as follows:
“The Court finds that Petitioner has regularly contributed financially to the suppoit of his children, that he is happily remarried, that he and his present wife, who is twenty-one (21) years of age and appears to be highly respectable, are exceedingly anxious to have the children with them, that Petitioner is a Sergeant in the United States Air Force, has a good job, earns a liveable wage, and has the natural God given legal right to enjoy the custody, fellowship, and companionship of his children. It further appears to the Court that the ultimate welfare of the children will be best served by transferring custody of said children from the maternal grandmother to the father.”
There is competent evidence in the record to support the chancellor’s findings. The evidence was heard before the chancellor and he has a broad judicial discretion in determining the ultimate welfare of the children themselves.
In the case of State ex rel. Sparks v. Reeves, Fla.1957, 97 So.2d 18, 19, the Supreme Court, in an opinion by Mr. Justice Thornal, in a child custody case which was initiated by the father to have the children transferred to him from a custody award to their maternal grandparent, said:
“We, like, the Circuit Judge, are confronted with one of the most difficult of all problems to resolve. Our own consideration of the matter is necessarily influenced by the fact that the cause was heard below by an exceedingly able and experienced Circuit Judge who resolved the evidence in favor of the appellee. While we are here constrained to hold that the presumptive correctness of the order of the Circuit Judge has not been clearly overcome so as to justify a reversal, we are likewise compelled to point out that any subsequent consideration of this matter should be determined in the light of certain well-established principles which we herewith mention for the guidance of the parties and the trial Judge.
* 5}« * * * *
“While according to the trial Judge a broad judicial discretion in the matter we nevertheless cannot lose sight of the basic proposition that a parent has a natural God-given legal right to enjoy the custody, fellowship and companionship of his offspring. State ex rel. Weaver v. Hamans, 118 Fla. 230, 159 So. 31. This is a rule older than the common law itself and one which had its inception when Adam and Eve gave birth to Cain in the Garden of Eden. Gen. 4:1. In cases such as this one the only limitation on this rule of parental privilege is that as between the parent and the child the ultimate welfare of the child itself must be controlling.”
In the instant case, the Circuit Judge changed the custody from the maternal grandmother to the father. We find nothing in the record sufficient to overcome the presumption of the correctness of the lower court’s decision.
Affirmed.
KANNER, C. J., and SMITH, FRANK A., Associate Judge, concur.