PER CURIAM.
The appellant, defendant and counter-claimant in the lower court, appeals from a final decree of divorce which granted to the appellee, Elinor K. Udell, a divorce, granted custody of a minor son, James, to the appellant-father, and granted custody of the daughter, Bonnie, jointly to the appellant and the appellee. The decree provided that the daughter be with each of the parties for- an equal amount of time; awarded appellee a lump sum alimony in the sum of $300,000 with payment to be made in money or property, or both, which payment could be made over a period of five years; and provided that an attorney’s fee in the sum of $10,000 be paid to the attorney for the appellee, together with court costs to the plaintiff-appellee in the sum of $1200.00.
The record includes the testimony •of one well known Palm Beach County attorney who testified that a reasonable attorney’s fee for the plaintiff’s attorney would be between $25,000 and $35,000 with an absolute minimum of $20,000. Another distinguished attorney with 35 years of experience before the Bar testified that a reasonable fee for plaintiff’s counsel would be $25,000. No contrary evidence was offered by the defendant-appellant. It is noted that the fee awarded the appellee’s counsel, totaling some $12,000, was much less than the minimum amount testified to before the lower court. This was a matter for the discretion of the trial judge and we find no evidence in the record to reverse the trial judge on the attorney’s fees awarded.
There was evidence in the record from which the trial judge could have concluded that the assets of the appellant were in excess of $1,600,000 and we find no dispute of the fact that the court’s finding is supported by the record. We conclude under the record in this case that the award of the gross sum alimony was within the discretion of the trial judge.
 The lower court awarded the custody of the 18 year old son, who will be away from home in college, to the father. The 13 year old daughter was in school in Palm Beach during the divorce proceedings and was living with her father. She expressed a desire to remain with her father. While a judge should and does give weight to the expressed desires of a child to be in the custody of a particular parent, that is only one of the factors that are considered in awarding custody. Both the mother and father in this case were found to be proper custodians of the children. There was testimony before the court from which it could have concluded that it was better for this minor daughter to remain in the custody of either parent.
This court has some doubts as to the indefiniteness of the lower court’s order as to the time when each of the parents should have custody of the 13 year old girl. During the oral argument before this court the question was propounded to the attorneys as to where this girl was in school at the present time and it was stated that the father had removed her to Miami and had her in school there, but this removal was done with the acquiescence of the appellee *865 and that if the lower court’s judgment was affirmed nothing would be done to disturb the temporary custody of the father until after the current school year.
We note that the circuit judge retained control of the case to. provide definite periods of time that each parent should have custody of this child if they could not agree among themselves as to the hours of custody, etc.
We again avert to the peculiar position in which the trial judge is placed to determine much more advantageously than can an appellate court the problems which confront a judge in each divorce case.
We affirm the trial court without prejudice to either party, in the event of any future dissatisfaction with the indefiniteness of the order, to apply to the judge below for a ruling thereon.
Affirmed.
KANNER, Acting C. J., and ALLEN and SMITH, JJ., concur.