CARROLL, Judge.
The appellant Jane B. Frischkorn sued her husband David E. Frischkorn for divorce in April of 1963. The parties had married in 1957 and have one child, a boy aged three years. The wife charged the husband with being guilty of extreme cruelty and habitual indulgence in violent and ungovernable temper. The defendant husband answered and counterclaimed for divorce.
The cause was tried before the chancellor who entered a final decree denying the plaintiff’s application for divorce and granting the husband a divorce. The decree awarded custody of the minor child to the *551 father. Pertinent provisions of the decree relating to that feature were as follows:
“That the best interests of the minor child of the parties, Charles Rock Frischkorn, would be served by awarding the care and custody of said minor child to the counterclaimant.
sfc % % 4* ^ %
(.
“That the custody of the minor child of the parties, Charles Rock Frisch-korn, be awarded to tire counterclaim-ant, David E. K. Frischkorn, with the counterdefendant, Jane D. Frisch-korn, to have the right of visitation for one full day of each week hereafter;
“That David E. K. Frischkorn and Jane D. Frischkorn be and they are hereby enjoined from removing the aforesaid minor child, Charles Rock Frischkorn, from the State of Florida without the prior approval of this Court;
“That this Court retains jurisdiction of the parties hereto and the minor child, Charles Rock Frischkorn, for the entry of any further order or orders as may be necessary or required for the welfare of the child.”
The final decree of divorce was filed October 16, 1963. Three weeks later the wife married again, and less than a month thereafter, on December 3, 1963, she filed a petition seeking modification of the decree to transfer custody of the child from the father to her. The petition for modification was denied by the following order:
“This Cause came on to be heard after due notice on the plaintiff’s Petition for Modification of Custody Provisions of Final Decree, and the Court having considered the petition and heard the testimony of the plaintiff, and in all respects being fully advised in the premises, finds that a sufficient time has not elapsed since the marriage between the plaintiff, Jane D. Frischkorn, now Jane D. Longstreth, and Thomas L. Longstreth, to evidence the stability of that marriage. It is thereupon
“Ordered, Adjudged and Decreed that the aforementioned petition be, and the same is hereby denied without prejudice to the right of the plaintiff to renew such petition at a later date.
“Done and Ordered at the Dade County Courthouse, Miami, Florida, on this 10th day of December, 1963.”
This appeal by Mrs. Longstreth from the final decree and from the subsequent order presents her contention that the court was in error in awarding custody of the child to the father in the final decree, and in denying her petition for a change of custody. We find the appeal to be without merit, and affirm both the final decree and the subsequent order denying the petition for modification.
The wife makes the contention here that the trial judge was in error in considering that she was not a fit parent to have custody of her child, and that her misconduct was such as to deprive her of the right to custody. The record lends no support to those contentions. The trial judge did not find or hold that the plaintiff was not a fit parent. Nor did he hold that her misconduct, which resulted in divorce, disqualified her to serve as custodial parent of her child. The wording of the final decree shows that the chancellor properly had the best interests of the child in mind and determined from the record, as our inspection of the same record leads us to conclude he was well entitled to do, that at the time of the final decree the best interests of the child would be served by the father having custody. It is significant that the decree made no finding that the mother was unfit. In fact the inclusion in the decree of a provision expressly reserving jurisdiction “for the entry of any further order or orders as may be necessary or required for the welfare of the child,” could imply the chancellor may have contemplated some possible alteration of the *552 custody provision at a later date when and if the mother became so situated as to justify it. The subsequent order denying petition for modification is more enlightening in that respect than was the wording of the decree. For example, it was recited in the order denying modification that sufficient time had not elapsed since the remarriage of the mother to evidence stability of that marriage. That finding by the chancellor necessarily implied that the mother was not unfit to have custody, and that by virtue of her new marriage, after a reasonable period of time, she could become entitled to consideration in that regard. As she had been married to Longstreth only a few weeks when the chancellor made the order denying her petition for change of custody, it is clear that such ruling was not an abuse of discretion, particularly as the denial of the wife’s petition for change of custody was made “without prejudice to the rights of the plaintiff to renew such petition at a later date.”
No reversible error having been made to appear the decree and order appealed from should be and hereby are affirmed.
Affirmed.