PER CURIAM.
Appellant husband brings this interlocutory appeal seeking a review of an order dismissing his amended motion to set aside stipulation and modify final decree of divorce. Factual matters alleged in appellant’s motion, for the most part, occurred prior to his entering into a stipulation by which he agreed that his wife be awarded custody of the parties’ son. He contends that such facts were unknown to him at the time he entered into the stipulation, and if now proven, the chancellor would be required to conclude that the mother is an unfit person to have custody. We observe that the subject motion did not comment upon the welfare of the child, but dealt with the alleged unfit character of the mother. We hold that the chancellor properly entered the order appealed which provided inter alia: “Leave is granted to Amend the Petition within ten (10) days so as to seek a modification of the terms of the Final Decree on the ground of changed conditions since the entry thereof; or that the best interest of any child whose custody is involved requires such modification on the basis of circumstances shown to now prevail or to have occurred, which have a substantial adverse effect on the child.”
Appellant argues that this order prevents the adducing of facts that transpired prior to his entering into the stipulation which was incorporated in the final decree. We do not so contrue the order of *339 dismissal. By its order of dismissal the court specifically stated that it would consider prior circumstances which have adversely affected the child. The “ultimate welfare, or the best interest, of the child, * * * is the polestar or controlling principle to be observed.” Johnson v. Johnson, 114 So.2d 338, 341 (Fla.App. 1st, 1959).
Affirmed.
RAWLS, C. J., and CARROLL, DONALD K., and JOHNSON, JJ., concur.