SWANN, Judge.
The plaintiff wife, in a divorce proceeding, appeals from a final decree granting the divorce, child custody of the minor children, and occupancy of the marital home to the husband. The decree further provided that the husband would not be required to pay alimony to the wife and that no judicial determination was made as to property rights.
A careful review of the record on appeal and briefs indicates that there was sufficient competent evidence before the chancellor to uphold the granting of the divorce to the husband and the denial to the plaintiff wife of an award of alimony. The husband is a carpenter and the wife a registered nurse. It appears that the wife, working as a private duty nurse, with no children to support, is in an equal or better financial position than the defendant husband.
In determining the question of custody of the children, their welfare is of paramount consideration. Bargeon v. Bargeon, Fla.App.1963, 153 So.2d 10. A party seeking to reverse a custody order has the burden of establishing its unreasonableness or an abuse of discretion. Dworkis v. Dworkis, Fla.App.1959, 111 So.2d 70, 72 A.L.R.2d 1189.
Ordinarily, the law favors the placing of the minor children in the custody of the mother. In this cause, however, there was testimony from a properly qualified doctor that the plaintiff wife was suffering from a personality disorder. In addition, there was testimony from the minor son of the parties that he preferred to live with his father. The minor daughter of the parties preferred not to make a choice as to the parent with whom she wished to reside. The children were approximately fifteen and twelve years of age at the time of this trial. In Eddy v. Stauffer, 160 Fla. 944, 37 So.2d 417 (1948), the Supreme Court held that while a minor child’s preference is never controlling in determining custody, the desires of a fifteen year old should be given great weight.
We think that reasoning and logic was applied here. The minor son expressed a decided preference to live with his father and there was, in addition, sufficient competent testimony before the chancellor to *17 warrant his granting custody of the children to the father. It appears to us that the interests of these children are best served by keeping them together, and we therefore affirm the chancellor’s award of custody to the father.
The pleadings raise no issue as to the disposition of the property. It appears that the marital domicile of the parties was sold pursuant to a mortgage foreclosure action brought after the final divorce decree was entered. Another house, which the husband had inherited from his parents, was apparently sold to a bona fide purchaser for value and cannot be reached in this proceeding. The only remaining property is a five acre orange grove in Princeton, Florida. Under Section 689.15, Florida Statutes, F.S.A., this property is now owned by the parties as tenants in common.
No abuse of discretion having been shown, the chancellor’s final decree is hereby
Affirmed.