PER CURIAM.
This appeal by an ex-husband is from an order transferring custody of the children *639 of the parties from him to the ex-wife, their natural mother.
The parties were divorced in Texas on July 28, 1964, in a suit brought by the wife against the husband. In the final decree of divorce the Texas court found that the wife had sustained the allegations upon which she relied for divorce, and that she was a proper person to have custody of the children of the marriage, two girls then aged two and three years. In accordance with the terms of an agreement relating to custody and support, which the parties entered into on the date of the decree, the court awarded custody of the children to the wife and ordered the husband to pay $90 a month for child support.
On February 23, 1965, the husband petitioned the Texas court for custody, based on alleged change of circumstances subsequent to the decree. On the showing that the ex-wife had entered into affairs with one or more men, had on occasions left the children for four or five days in the care of a Mexican maid and in other respects had failed to properly care for them and safeguard their health, the Texas court entered an order modifying the decree by awarding custody of the children to the husband’s sister, Irene R. Gullion and her husband Kenneth Gullion. The latter were residents of Dade County, Florida, or soon thereafter moved there with the children.
On December 17, 1965, while the children were in the custody of his sister and her husband under the prior modification order entered by the Texas court the father applied to the circuit court in Dade County seeking to have the custody of the children transferred to him. The mother, who was in Texas, was given notice but did not appear due to an automobile accident while en route to Florida. Based on the same showing regarding the mother which had been presented previously to the Texas court upon which the husband had obtained the order of the Texas court changing custody from her to the Gullions, the Dade County circuit court granted the father’s motion and transferred custody of the children to him, by an order dated March 24, 1966.
Both the appellant husband and the ap-pellee wife have remarried. On February 28, 1966, the appellant remarried his present wife for the third time. His first marriage to her, during which they had one child, a boy who is now 15 years of age, ended in a divorce. They remarried, and again were divorced. Thereafter, the appellant married the appellee. During an interval between her marriages to the appellant, his present wife married another man, from whom she was later divorced and by whom she had one child. The appellant resides in Dade County, Florida, with his present wife, their son and her child by another marriage, and his two children who are involved in this case.
On October 3, 1966, the appellee married Cary L. Linley, a captain (now major) in the United States Air Force. That marriage took place in Texas. Major Linley is now stationed in Massachusetts, where he and the appellee reside with his two children by a prior marriage, a boy eleven and a girl eight years of age.
On April 14, 1967, the appellee filed her petition in the Circuit court in Dade County seeking a return of the custody of the children. On June 16, 1967, after an eviden-tiary hearing the chancellor entered the order granting her custody. In that order the court found there had been substantial change in the circumstances of the parties since his order entered a year earlier awarding custody to the father; that the mother was “a proper and fit person to have the permanent care, custody and control of the said minor children”; and that it was in the best interest of the children, then aged five and six years, to be in th'e custody of their natural mother. The court’s order granted the father reasonable rights of visitation, and reserved jurisdiction to entertain application by him for extended summer visitation privileges. The order directed him to deliver the children to the *640 appellee, and authorized their removal from the state by her the next day, upon her furnishing bond of $1,000 conditioned upon her faithful performance of the orders of the court. Jurisdiction was reserved for later determination and rulings regarding child support, attorney fees and costs.
On June 16, 1967, the day the custody transfer order was entered, the father filed this appeal. He sought and was denied a stay by the trial court. He then applied to this court to stay transfer of custody pending his appeal. We granted the stay, advanced the times for filing the record and briefs and set the appeal for argument on July 10, 1967.
This case presents a situation where at the time of the divorce a mother was found to be a fit and proper person to have custody of her minor children and was awarded custody, subsequently was found to have become unfit and was divested of custody, and who now after her remarriage and a substantial period of time has sought the return of their custody to her on the ground that she has again become and is a fit and proper person to have the custody and is suitably situated to care for her children.
In seeking to regain the custody granted her by the final decree, against the husband holding custody under a post decree modification order, the appellee wife was not faced with the burden of showing unfitness of the husband or that his stewardship of the children is improper, as would have been required of her had the husband been awarded the custody of the children in the final decree of divorce. See Frazier v. Frazier, 109 Fla. 164, 147 So. 464, 465; Belford v. Belford, 159 Fla. 547, 32 So.2d 312, 314; Ritsi v. Ritsi, Fla.App. 1964, 160 So.2d 159, 163.
Under the law as pronounced in the cases just cited, the matter of the proper custody of a minor child of divorced parents is recognized as an appropriate subject for judicial consideration by the court following a divorce decree, but it is held that “a decree in a divorce suit, fixing the custody of a child of the parents being divorced, whether based on a stipulation entered into by the parties and approved by the court [as was the case here], or whether entered by the court after adversary hearing and determination of a contested issue respecting the matter, is nevertheless a final decree of the court on the conditions then existing, and is not to be materially amended or changed afterward, unless on altered conditions shown to have arisen since the decree, or because of material facts bearing on the question of custody and existing at the time of the decree, but which were unknown to the court, and then only for the welfare of the child.” Frazier v. Frazier, supra. And those authorities announced a further rule that an award of custody in a final decree of divorce is to be regarded as res judicata as of the time of the decree, and that after the right to custody has thus been fixed by the divorce decree in one parent, on consideration of a subsequent petition for a change of the custody the court does not have the same degree of discretion to choose between the parties regarding the matter of custody, as it had on the occasion of the initial custody determination made in the final decree of divorce.
The first point presented by the appellant challenges the sufficiency of the mother’s petition for custody, primarily on the contention that the rule referred to above should be considered to operate in favor of the father, and that the order of the Dade County circuit court which granted him custody is res judicata as would be a custody award in a divorce decree. That contention is unsound. It was the mother, and not the father of the children who was awarded their custody by the final decree of divorce, and in whose favor the rule relating to the effect such an award of custody in a divorce decree pertains.
The remaining four points presented in the brief of the appellant were argued together. In substance, they represent a *641 contention that the order granting the mother’s petition and transferring the custody of the children to her was not justified and is not supported by the record. We regard that contention also as unsound.
The chancellor properly determined the question of fitness of the mother to have custody, upon consideration of the applicable facts and circumstances presented, as of the time of the hearing on her petition;[1] and upon examination of the record we find no basis to disturb his ruling. The appellee and her present husband, as well as other witnesses on her behalf, were present and gave testimony which we regard as sufficient to support the chancellor’s finding that the mother is presently fit to have custody, and his finding that it is in the interest of these young girls that they be permitted to be in the custody of their mother and reside in her home.
On behalf of the father, evidence was presented which also showed his fitness to have custody and that he maintained a proper home in which to care for the children, and it is evident from the record that both parties have evinced great interest and love and affection for the children.
However, the father presented no evidence to contradict or detract from that presented by and on behalf of the mother with respect to her present fitness and favorable circumstances for custody of her children. He relied on the same evidence or showing which had been presented two years previously to the Texas court, as to her fitness, at that earlier period, which was in the year following the divorce decree. The evidence relating to that prior occasion when the mother had become and was found to be unfit could not offset the showing of her fitness at the present time which otherwise went unrefuted.
The trial court before whom the parties and witnesses appeared was in a favored position to rule on the merits of the mother’s application for custody, through being able to observe the parties and witnesses, and determine the weight and credibility to be given their testimony. Our review of the evidence leads us to the conclusion that it supports the decision reached by the learned trial judge, and accordingly the order appealed from should be and hereby is affirmed.
The stay order previously granted by this court is vacated on and as of the date of the filing of this opinion.
Affirmed.

. Todd v. Todd, Fla.1951, 56 So.2d 441, 443, 29 A.L.R.2d 920.