204 So.2d 239 (1967)
Marcia KLEIN, Appellant,
v.
Herbert KLEIN, Appellee.
No. 67-456.
District Court of Appeal of Florida. Third District.
November 21, 1967.
Rehearing Denied December 12, 1967.
*240 Milton R. Adkins, Miami, for appellant.
Walters, Moore & Costanzo, Miami, for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
The question of whether to remove a child from the custody of its natural mother is one over which judges have agonized from time immemorial.[1]
The original divorce decree granted custody of the children to the mother but upon the father's subsequent petition for modification, an order was entered granting custody to him. It is from this post decretal order that the mother has taken this interlocutory appeal.
Although the law tends to favor the mother over the father in awarding permanent custody of young female minors, the true and final test in child custody cases is the welfare of the minor children. Epperson v. Epperson, Fla. 1958, 101 So.2d 367; Frazier v. Frazier, 109 Fla. 164, 147 So. 464 (1933); Johnson v. Johnson, Fla. App. 1959, 114 So.2d 338; Johns v. Johns, Fla.App. 1958, 108 So.2d 784.
The judge below heard more than twenty-five witnesses during approximately six full days of trial before entering his order changing custody of the minors. He concluded that it would be in the minor children's best interest to place them in the custody of the father.
In Longstreth v. Frischkorn, Fla.App. 1965, 171 So.2d 550, where this court affirmed an order granting custody of a three year old child to the father, it was noted that:
* * * * * *
"* * * The trial judge did not find or hold that the plaintiff was not a fit parent. * * * The wording of the final decree shows that the chancellor properly had the best interests of the child in mind and determined from the record, as our inspection of the same record leads us to conclude he was well entitled to do, that at the time of the final decree the best interests of the child would be served by the father having custody. * * *" (Emphasis supplied) Id. at 171 So.2d 551.
* * * * * *
*241 We have examined the nearly 1900 pages of testimony carefully and have found no abuse of discretion to warrant reversal.
The mother has also raised the point that a court may not modify a final decree with regard to child custody unless there is a showing that the mother's condition at the time of the hearing is such that it would not be in the best interests of the children to leave them in her custody with the burden of such proof upon the moving party.
We do not disagree with this proposition, but feel that it has been satisfied in this case. See Todd v. Todd, Fla. 1952, 56 So.2d 441; Hoffman v. Linley, Fla.App. 1967, 201 So.2d 638; Ritsi v. Ritsi, Fla.App. 1964, 160 So.2d 159. The original custody decree was predicated primarily upon a stipulation between the parties which allowed custody of the children to the mother if a specified doctor should decide she was competent.
It has been held that the rule to be applied on a petition to modify a decree for custody is that while the welfare of the children is of paramount concern, a final decree awarding custody to one parent, being res judicata of the matters involved, and known at the time of the decree, should not be modified to change the custody to the other parent, except upon materially changed circumstances, or for material facts unknown to the court at the time of the decree, and then only when it is shown to be essential to the welfare of the child.
See Ritsi, supra, Frazier, supra; and Hoffman, supra.
The record here reflects that there were material facts unknown to the court at the time of the original decree awarding custody to the mother, and under the rule, the court was within its authority and jurisdiction in entering its order changing the custody of the minor children from the mother to the father.
Without detailing the evidence presented in the record of 1,854 pages, we find that there was sufficient, substantial, competent evidence to sustain the decree of the chancellor and that the custody issue was properly determined by him, upon consideration of the applicable facts and circumstances presented as of the time of the hearing.
Affirmed.
NOTES
[1] See In re Two Mothers, 1 Kings 3:11-28, decided by King Solomon, evidently the first "reported" case.