209 So.2d 878 (1968)
Marion M. NIXON, Appellant,
v.
Donald H. NIXON, Appellee.
Nos. 67-719, 67-1001.
District Court of Appeal of Florida. Third District.
April 9, 1968.
On Rehearing May 15, 1968.
*879 William John Mason, Richard B. Stone, Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and James A. Dixon, Jr., Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant seeks review of an order of the lower court modifying a prior divorce decree. The parties were divorced in 1959, and appellant, who was the plaintiff, was granted custody of the only child, a minor son. Since that time, the minor child has resided with the appellant in her modest suburban home, except for certain vacation and visitation periods as provided for by *880 the court. However, the record on appeal reflects that the custody of this child has been a source of constant conflict between appellant and appellee. This appeal concerns only the latest in a series of confrontations.
In June of 1967, immediately following the commencement of the first of the child's regularly scheduled summer vacations with his father, appellee filed a petition for change of custody, alleging that the appellant was not a fit person to have custody of the child. More particularly the petition charged that the appellant had removed the child to a remote and inaccessible area, that appellant had "consorted with and entertained men in her home", that appellant had threatened the child to the point that he had become physically ill, that appellant had engaged in the intemperate use of alcohol, and that appellant had habitually abandoned the child, leaving him at home alone to feed and care for himself while appellant went about her personal affairs. Considering the gravity of the allegations contained in the petition, the chancellor entered an order transferring custody temporarily to the appellee, pending hearing on the subject of permanent custody.
Hearings on the petition were held on July 20 and 22. In summary, the record on appeal reveals that the appellant and the minor child live in a comfortably appointed house situate on approximately one acre of land in Homestead, Florida; that appellant has not remarried, but that she has occasionally accepted social invitations and has entertained at her home; that appellant has been and is presently continuing her education on the college level; that despite demands on her time, appellant has been able to hold occasional part-time employment; that appellant does not abstain totally from the use of alcoholic beverages, but that none of the witnesses had ever known her to become intoxicated or to lose control of her faculties; and that appellant had in one or two instances left the minor child at home alone while attending a social function, but that this was partially in response to the child's request not to have a baby sitter and that appellant had always left a telephone number at which she might be reached. The record further discloses that the minor child is now thirteen years of age; that he is intelligent, but that he has experienced some difficulty in maintaining the above average grades expected of a child of similar capability; that he has a sense of responsibility that is mature beyond his years; that he is experiencing certain emotional and psychological problems of adjustment, which problems are complicated by the absence in the home of a stable male figure with whom he may identify. The boy has emphatically expressed his desire to remain in the custody of his father. The record also indicates that the appellee is engaged in the practice of medicine as a psychiatrist; that the appellee has remarried and lives with his wife and family in a spacious modern home in Miami Springs; and that the appellee is able to provide a proper environment and adequate guidance for the child.
On the basis of the evidence adduced, the chancellor rendered a decree granting appellee's petition and transferring permanent custody of the child to the father. Appellant was granted rights of visitation, which rights were later suspended by the chancellor in a separate order. In addition, the decree provided that the child support payments theretofore made by appellee be cancelled. Pursuant to the mandate of this court in the case of Nixon v. Nixon, Fla.App. 1967, 200 So.2d 263, alimony payments to appellant were increased and back alimony awarded. The lower court also awarded $2,000.00 to appellant as attorney's fees.
Appellant seeks reversal upon three separate grounds. Firstly, she contends that the chancellor erred in transferring permanent custody of the child to the father since there was no showing that appellant was an unfit person to have custody nor was there a showing of substantial change in circumstances. We must agree.
*881 It is well settled that the paramount consideration in cases involving custody of a minor is the welfare of the child.[1] It must, then, have been in the best interest of the child that custody was originally granted to the appellant, as evidenced by the fact that the original decree has withstood numerous attacks by appellee. The original decree, and those orders confirming it, have the effect of res judicata as to matters therein involved; therefore, there will be no modification absent a showing that circumstances have changed substantially.[2] Such a showing might be made by proving that the person who originally had custody of the child has become unfit to retain it. Upon an examination of the entire record in this case, we are of the opinion that the appellee has failed to substantiate the allegations of his petition.
Appellee counters with the assertions that the chancellor is given wide latitude of discretion in cases such as this, and that his decision must stand, absent a showing by appellant that the chancellor has abused that discretion. But, it is the rule that the chancellor does not have the same degree of discretion to modify the decree as he had to enter it originally.[3] We are, therefore, forced to conclude that the decree transferring permanent custody of the child to the appellee must be reversed.
The foregoing notwithstanding, we recognize that the chancellor was safeguarding the welfare of the child by transferring temporary custody to the father. At the hearing, it was proven beyond question that the minor here involved was and is experiencing an emotional disturbance, which, if not corrected, might affect him permanently. We are of the opinion that the appellee is best able to afford the child proper guidance at this time by virtue of the fact that he is a trained psychiatrist. Our opinion in this regard is reinforced by the testimony of the child himself. As stated above, the boy expressed an anxious concern that he might be compelled to leave his father's custody. Although the preferences of the child are not controlling, they demonstrate the nature of his emotionally confused state, and are to be taken into consideration.[4] We hold, then, that the appellee should be allowed to retain temporary custody for such extended period of time as the chancellor, in the exercise of sound judicial discretion, may determine to be necessary, with visitational rights to be granted to the appellant. Having so ruled, we deem it unnecessary to discuss appellant's contention concerning rights of visitation.
The thrust of appellant's second contention is that the chancellor abused his discretion in failing to increase the amount of alimony beyond the sum set in the original divorce decree. We find no abuse of discretion, but we consider it worthy of mention that our former decision[5] regarding alimony was in no way intended to limit the amount which might *882 be awarded to appellant as alimony in the future.
We have examined appellee's cross assignments regarding the award of attorney's fees and have found no error.
Reversed in part; affirmed in part.
NOTES
[1] Pollak v. Pollak, Fla.App. 1967, 196 So.2d 771; Borden v. Borden, Fla.App. 1966, 193 So.2d 15; Bargeon v. Bargeon, Fla. App. 1963, 153 So.2d 10; Rudolph v. Rudolph, Fla.App. 1962, 146 So.2d 397; Bennett v. Bennett, Fla.App. 1962, 146 So.2d 588.
[2] Kelley v. Kelley, Fla. 1952, 56 So.2d 439; Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947); Jones v. Jones, 156 Fla. 524, 23 So.2d 623 (1945); Hoffman v. Linley, Fla.App. 1967, 201 So.2d 638; Garner v. Garner, Fla.App. 1967, 193 So.2d 673; Ritsi v. Ritsi, Fla.App. 1964, 160 So.2d 159; McCrillis v. McCrillis, Fla. App. 1962, 147 So.2d 584.
[3] Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947); Hoffman v. Linley, Fla. App. 1967, 201 So.2d 638; Garner v. Garner, Fla.App. 1967, 193 So.2d 673.
[4] Pollack v. Pollak, Fla.App. 1967, 196 So.2d 771; Udell v. Udell, Fla.App. 1963, 151 So.2d 863.
[5] Nixon v. Nixon, Fla.App. 1967, 200 So.2d 263.