LILES, Chief Judge.
The appellant, Peggy Sue Smith, is appealing from a chancellor’s order denying her petition for a change of custody of the parties’ minor child. The appellant and ap-pellee, Carroll Smith, were divorced on February 6, 1967. In accordance with a property settlement agreement entered into by the parties, the chancellor entered a decree awarding appellee custody of the parties’ minor child, Daniel Dawson Smith. The chancellor further decreed that the appellant’s two sons by a prior marriage be placed in her custody.
On May 12, 1967, appellant filed a petition to modify the final decree requesting, among other things, that she be given custody of Daniel Dawson Smith. The chancellor denied appellant’s petition. In so doing, he stated that the changes shown to have occurred were not of a material nature; and since the chancellor’s discretion is not unbridled in proceedings concerning changes of custody, he felt such changes were insufficient to support modification of custody.
*118 In Belford v. Belford, 1947, 159 Fla. 547, 32 So.2d 312, and Bennett v. Bennett, Fla. 1954, 73 So.2d 274, the Florida Supreme Court enunciated the applicable legal proposition. In Belford the Court stated at page 314 of 32 So.2d:
“He is vested with the right of exercise of a broader discretion in entering the original final decree because then it devolves upon him to determine the relative fitness of the parties for the custody of the child and to determine from all the facts what decree will be for the best interest of the child, but when he has entered that decree and it becomes final it is res adjudicata of those facts and circumstances and cannot be modified or changed thereafter, unless it appears that there are some pertinent facts which the court did not know at the time that decree was entered, or unless there is an altered condition shown to have arisen since the decree.” See Frazier v. Frazier, 1933, 109 Fla. 164, 147 So. 464.
Justice Drew, speaking on behalf of the Court, said in Bennett at page 278 of 73 So.2d:
“The primary concern of this Court is and should be the welfare of the children. If any change is to be made in the provisions of the decree of June 12, 1952, we are warranted in making such changes only on the basis of a change in conditions and circumstances of a substantial character which have occurred since the date of that decree or on the basis of facts bearing upon the question which were in existence at the time the decree was made but were unknown to the Court on the date of its decree. Sayward v. Sayward, Fla. 1950, 43 So.2d 865. And, even if we do determine that there has been a substantial change in conditions, we would be warranted in altering said decree only where it appears that the welfare of the children will be promoted thereby.”
One of the questions raised here is whether the chancellor was correct in ruling that the changes shown to have taken place were insufficient, under Florida case law, to support a change of custody.
At the hearing on appellant’s petition, she introduced testimony showing that: at the time of the granting of the divorce decree she was in poor health, both mentally and physically, but subsequent to the divorce proceedings she has regained her health; following the divorce she purchased a comfortable home and secured a job; the appellee, following the divorce, began working in a distant area and was able to return to the community only on weekends; because of the prolonged absences the appellee leaves the minor child with a middle-aged babysitter; the appellee has not provided a home for himself and the child but instead stays at the home of the babysitter when he returns on weekends.
The mother, in Dunlap v. Dunlap, Fla. 1953, 66 So.2d 221, had at the time of the divorce proceedings been in poor health, both physically and mentally. Following the divorce she received treatment and made a full recovery. Furthermore, she was able to obtain a job. The Florida Supreme Court upheld the chancellor’s ruling that the altered conditions occurring after the entry of the final decree were sufficient to warrant modification of that decree. See also Bryan v. Bryan, Fla.1954, 75 So.2d 189. Based upon Dunlap and Bryan, we find that the chancellor erred in ruling that the changes in question were not material and were insufficient to support a modification of custody.
As mentioned in the above-quoted portion of the Bennett case, the chancellor in order to alter the custody provisions of a divorce decree must find a substantial change in conditions occurring subsequent to the divorce or relevant material facts must come to his attention which were existent at the time of the divorce proceedings but which were then unknown to him. Secondly, the chancellor must find that the welfare of the child will be enhanced by the *119 change. See also Ritsi v. Ritsi, Fla.App. 1964, 160 So.2d 159.
The chancellor, due to his ruling that no material change had occurred, was never faced with the second question and therefore made no determination in his order concerning the child’s welfare in the event of a change of custody. We do not feel capable of making such a determination from the cold record, and we feel that the able chancellor is much better qualified to make this decision than are we. Therefore, we reverse and remand the case with instructions that the chancellor take additional testimony, if needed, and determine if the child’s welfare will be promoted by a change in custody.
The appellant’s other contention has been considered and found to be without merit.
Reversed and remanded.
HOBSON, J., concurs.
PIERCE, J., dissents with opinion.