CARROLL, Judge.
This is an interlocutory appeal filed by the plaintiff (wife) in á divorce suit, from a post judgment order relating to alimony, child support and custody.
The parties were divorced in Dade County on February 18, 1960, by a judgment wherein the wife was granted alimony of $150 per week and child support of $100 per week, and in which she was awarded custody of the two children of the parties, a girl then aged 10 years and a boy then 5 years of age.[1] In addition, the wife was granted the right to reside with the children in the jointly owned residence so long as she remained unmarried, during the minority of the children.
On a- subsequent petition for modification an order was entered reducing the alimony to $80 per week and the child support to $55 per week, $15 of which was allocated to support of the daughter and $40 a week for support of the son. At the time of that reduction in child support the daughter was in college with her tuition and expenses there being paid by the husband. Thereafter, the son was enrolled in a boarding school, with his tuition and expenses there being defrayed by the husband. On an appeal by the wife from that order this court reversed on February 3, 1970, and remanded the cause for a reconsideration of the matter by the trial court and for entry of “an order granting the appellant an increase in alimony commensurate with her needs and with the appellee’s ability to pay,” and authorizing the trial court to “modify the award of support of the son, who is in boarding school.” 231 So.2d 278.
Following such remand, the cause came on for further hearing on the matters of alimony and child support, and upon a petition filed by the husband seeking transfer of custody to him. Thereupon the court entered the order from which the wife has filed the present appeal. By that order, dated May 8, 1970, the amount of alimony required to be paid to the wife was increased to $100 per week; the provision of the prior order for payment to the wife of $15 per week as child support for the daughter was continued (the trial court noting that the daughter was attending col *520 lege at the expense of the husband); and the custody of the son was transferred from the mother to the father and the father was relieved of the necessity to pay child support payments for the son to the wife.
The appellant contends the court erred in ordering a change of custody of the son, and that the alimony as increased by the court was inadequate. Considering first the matter of alimony, we conclude, upon reviewing the record relating thereto, that abuse of discretion by the trial court has not been shown. No useful purpose would be served by relating here the showing made in the record relating to the needs of the wife and the financial status of the husband. If changing circumstances should establish inadequacy of the alimony in the future, a necessary correction therein can be sought by the wife by petition for further modification.
The contention of the appellant, to whom the custody of the son was awarded by the divorce judgment, that no proper or sufficient showing was made for transfer of custody of the son from her to the father, is meritorious, and we hold that the trial judge was in error therein.
As grounds for the requested change of custody, the petition of the husband alleged that the son was attending a boarding school (Sanford Naval Academy) at his expense; that he had “facilities to house as well as to provide control of the said child” during the son’s vacation periods; that the children of the parties were of mature age and their wishes could be considered by the court; and that he was “a fit and proper person to have the care, custody and control of his minor children.” In an answer to the petition for change of custody the wife denied that the husband was in position to house and control the children in a manner conducive to their best interest and welfare, and averred that subsequent to their divorce the husband had remarried and again been divorced, but was continuing to reside in a home with his divorced wife and her child by a previous marriage. At the hearing on the petition, that averment was supported by the evidence.
The petition did not allege unfitness of the mother to have custody of the son, and no evidence of unfitness was presented. The pertinent testimony offered by the father in support of his petition for change of custody of the son was as follows:
“Q You asked this Court for the custody of your two children.
“Would you tell the Court as to your son?
“A Well, my son is at the age, now— he is as big as I am. We get our clothes mixed up. He’ll borrow my shirts. He is at the point now where he is a man. He is fourteen, and going to bed with women. He knows I go to bed with women—
“Mr. Pardo: Your Honor, I am going to object to that one. That is hearsay.
“Q [By Mr. Swan] Tell him what your position is.
“A My position is, my son has turned into a man; that he needs to live with a man that understands him. I am his father. I have been deprived for all of these years with conflicts, and people, and his mother tearing me down, and now, I’d like to take over with my son, because he needs me now.
“We get in there and work on the boat. We fish. I have taken him to Nassau with me, and the boy likes living with me, and all his friends.
“That is the reason, incidentally, he does stay at home.”
In this case the trial court was called upon to observe the established principle, as stated in Belford v. Belford, 159 Fla. 547, 32 So.2d 312, that upon application for change of custody the court does not have the same degree of discretion to choose between the parents as that which is reposed in the court at the time of final hearing and judgment. In that case the Su *521 preme Court quoted from Frazier v. Frazier, 109 Fla. 164, 147 So. 464, 465, as follows :
“ ‘ * * * But it is likewise the law that a decree in a divorce suit, fixing the custody of a child of the parents being divorced, whether based on a stipulation entered into by the parties and approved by the court, or whether entered by the court after adversary hearing and determination of a contested issue respecting the matter, is nevertheless a final decree of the court on the conditions then existing, and is not to be materially amended or changed afterward, unless on altered conditions shown to have arisen since the decree, or because of material facts bearing on the question of custody and existing at the time of the decree, but which were unknown to the court and then only for the welfare of the child. * *
See to the same effect Sayward v. Say-ward, Fla. 1950, 43 So.2d 865; Bennett v. Bennett, Fla.1954, 73 So.2d 274; Johnson v. Johnson, Fla.App.1959, 114 So.2d 338; Ritsi v. Ritsi, Fla.App.1964, 160 So.2d 159; Hoffman v. Linley, Fla.App.1967, 201 So.2d 638; Klein v. Klein, Fla.App.1967, 204 So.2d 239; Doran v. Doran, Fla.App.1968, 212 So.2d 100; Smith v. Smith, Fla.App.1968, 212 So. 2d 117.
Tested against those principles the father’s petition and the evidence submitted in support thereof was insufficient upon which to order change of custody of the son. The petition of the father for change of custody did not present or rely upon any material facts bearing on custody which were not known at the time of the 1960 judgment. The change in circumstances relied upon was the increased age of thé son since the jüdgment, from five to fifteen years. That circumstance was not a sufficient .basis at law for depriving the mother of custody previously awarded to her by the divorce judgment, which was res judicata with respect thereto. No unfitness of the mother to have custody was alleged or shown. It was not shown, nor did the court so find, that the change of custody was necessary for the welfare of the child involved. The only finding of the trial court incident to the order for change of custody was: “That the defendant, Arthur T. Bruggisser, is a fit and proper person to have custody of the minor child, Arthur W. Bruggisser.”
The son was not present at the hearing and did not testify. However, we have not overlooked the feature that the boy may have indicated a desire to live with his father, as that fact may be inferred from the father’s petition and testimony. Such a desire on the part of the boy, if present, was not a controlling factor but was one to be given consideration with other relevant factors. Regarding the effect thereof, the Supreme Court of Florida in State ex rel. Cline v. Cline, 91 Fla. .300, 107 So. 446, 447, said:
“In Marshall v. Reams, 32 Fla. 499, 14 So. 95, 37 Am.St.Rep. 118, this court has laid down the rule as to the weight to be given the wishes of the child in regard to its custody in the following language:
‘Where the child has reached the age of discretion, it will often be allowed to make its own choice; but this is not a controlling right of the child. Welfare controls choice, and the court will not permit the choice of the infant to lead it into an improper custody. The rights of parents and guardians will also be respected, and such rights will not be disregarded by the courts in order to gratify the mere wishes of a child, when the parent or guardian is a proper person to be entrusted with its custody.’ ”
Inasmuch as the boy is away from his home in boarding school, and presumably later will be attending college, the problem appears to relate to the time he will spend with the separate parents when he is on vacations, on weekend visits or holiday recesses during the school year, and on summer vacations. Such problems should be solved by adjusting the times or periods of visitation, rather than by change of custody. In the 1960 judgment it was provid *522 ed that the father should have “reasonable rights of visitation at all times.” If adequate visitation times for the boy to be with his father on the occasions when he is home on weekends or longer vacations cannot be arranged by mutual agreement of the parties, the general visitation provision as contained in the judgment could, on application, be modified by the trial court to provide more expressly with reference thereto so as to reasonably fulfill the desires of the parties, including that of the son.
As in the case of the daughter, who is in college, and with respect to whom a reduced amount of child support has been ordered to be paid to the mother, upon remand of the cause to the trial court, some such provision should be made for payments to the mother for the care and support of the son, as her needs in that regard may exist notwithstanding his absence during the school year at boarding school.
Accordingly, the order appealed from is reversed in part, to the extent that the same ordered a change of custody of the son of the parties from the mother to the father.
Affirmed in part and reversed in part.

. The award of custody as contained in the 1960 judgment was as follows:
"That the plaintiff [wife] be, and is hereby awarded the complete and exclusive care, custody and control of the two children of the parties, to-wit: Patricia Ann Bruggisser, aged 10 years, and Arthur William Bruggisser, aged 5 years, and the defendant shall have reasonable rights of visitation at all times.”