DEWELL JOHN, Associate Judge.
This is an interlocutory appeal from an order denying a mother’s petition for return to her of the custody of her minor children.
Betty Jo Chesser and George Norman Chesser were divorced on June 2, 1969 by a Final Judgment which granted her custody of the two children of the parties. Slightly over a year later the mother, being financially insecure and “emotionally upset”, requested the father, who had moved to Montana, to take the children temporarily. A joint petition for the change in custody was executed by the parties and approved by the Court on August 1, 1970. The joint petition included the provision: “That it is agreed between the parties that they shall both do what is in the best interests of the children, and when at some later time the mother desires custody of the children returned to her and the children are in accord with this wish and the mother is able to provide a proper home and love for the children, the parties shall enter into another joint petition for modification of custody.”
Pursuant thereto, the children returned to Montana with the father. The children were secured by the mother to spend the summer of 1971 with her in Naples. In the summer of 1972 the mother again brought the children back to Florida for the summer, and having remarried, requested the father to enter into another joint petition to return custody to her.
Upon his refusal, she applied to the Florida Court for return of custody. All parties and the children being present in Florida and before the Court, the Circuit Court of Collier County took jurisdiction and heard testimony.
At the conclusion of the testimony the trial judge found that both parents were “satisfactory” but since there was no showing that the Montana environment was “not okay” he denied the petition. The effect of this ruling was to require the mother to prove the father and his home as unfit for the custody of the children.
In this he was incorrect. We believe the law as it applies to situations of this type was correctly stated in Hoffman v. Linley, 201 So.2d 638, (3d D.C.A.Fla.1967). In that case, the divorce decree awarded child custody to the mother. Later she was found to be unfit and custody was transferred to the father. After several more years she, being remarried, petitioned for return of custody without proving unfitness of the father.
*787 In affirming an order returning custody to the mother, the Court laid down the rule:
“In seeking to regain the custody granted her by the final decree, against the husband holding custody under a post decree modification order, the appellee wife was not faced with the burden of showing unfitness of the husband or that his stewardship of the children is improper, as would have been required of her had the husband been awarded the custody of the children in the final decree of divorce. See Frazier v. Frazier, 109 Fla. 164, 147 So. 464, 465; Belford v. Belford, 159 Fla. 547, 32 So.2d 312, 314; Ritsi v. Ritsi, Fla.App.1964, 160 So.2d 159, 163.”
We, therefore, conclude that the trial court erred in the rule of law applied and that he should have granted the petition.
The Order is accordingly reversed and the cause is remanded.
LILES, A. C. J., and McNULTY, J., concur.