MAGER, Chief Judge,
dissenting:
With all due respect to the majority and the learned trial judge I must respectfully dissent from that portion of the proposed opinion transferring custody from the maternal grandparents to the natural father.
To the extent that the majority opinion affirms the trial court’s denial of the grandparents’ petition for adoption thereby recognizing the parental rights of the natural father, it is analogous to and consistent with In re Adoption of Gossett, 277 So.2d 832 (Fla. 1st DCA 1973). It is at this point that the analogy ends. In my opinion, the legal standards by which the trial court’s judgment must be measured are those which are concerned with a modification of custody.
It is a general principle of law that, absent the existence of a substantial change in conditions, an original award of custody may not be altered. Frye v. Frye, 205 So.2d 310 (Fla. 4th DCA 1968); Nicholson v. Nicholson, 311 So.2d 676 (Fla. 4th DCA 1975); see also Klein v. Klein, 204 So.2d 239 (Fla. 3d DCA 1967). Although it is true, as the majority points out, that the father originally consented to the initial custody award to the grandparents primarily because of the nature of his employment (which necessitated a great deal of travel and absence from and attention to the child) nevertheless the father’s petition for change of custody and the evidence in support thereof does not demonstrate the requisite “substantial” change in circumstances or conditions for custody to be modified.
The father’s remarriage (a- circumstance recognizably not in existence at the time of the original custody award) and his desire to provide a home for his child is indeed laudatory and commendable. But it would seem that the “substantial change in circumstances” principle is not one that can be mathematically determined solely by the “quantum” of change; rather there must be a concomitant consideration of whether the welfare of the child will be promoted by an alteration of custody.
In this regard, the recommendations of the Division of Family Services recognizing *640 the fitness of the maternal grandparents and finding that the best interests of the child would be better served by custody remaining in the grandparents are persuasive support for the conclusion that whatever “change” occurred was either far from “substantial” or insufficient to promote the child’s welfare. It might be well to note that the Division went as far to recommend that the adoption by the grandparents would be in the best interests of the child.
Admittedly, it is impossible for any appellate judge to assess the factual circumstances from the same vantage point as that of the trial judge who has viewed the participants and heard the evidence “live” and firsthand. Relegated, therefore, to a posture of having to rely upon the “cold-typed transcript” method of review it is my opinion that a substantial change in circumstances that would necessarily further the best interests of the child has not been demonstrated. Albeit well intentioned, an abuse of discretion occurred in the lower court’s change of custody award.
Therefore, I would reverse and remand for such other future proceedings including, should the circumstances later dictate, a petition for modification of custody by the natural father.