MILLS, Judge.
William T. Stagaman appeals from a final order in which the trial court established the amount to be paid him in child support. He also appeals the trial court’s refusal to award him costs and attorney’s fees. Marlene I. Stagaman Fontenot cross-appeals the court’s denial of her petition for modification of child custody. We affirm in part and reverse in part.
We decline to disturb the trial court’s ruling with regard to costs and attorney’s fees. It has been held erroneous to award one spouse fees when their ability to pay is substantially equal. Bloodwell v. Bloodwell, 508 So.2d 771 (Fla. 5th DCA 1987); Wismar v. Wismar, 522 So.2d 552 (Fla. 5th DCA 1988). In this case, the evidence supports the trial court’s finding that while the parties’ salaries and assets were not equal, their ability to retain *45 counsel was substantially the same. Absent a showing of abuse of discretion as to an award of fees, the appellate court will not substitute its judgment for that of the trial court. Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA 1988). We affirm as to this issue.
We also affirm the trial court’s denial of wife’s petition for modification of child custody. Hoffman v. Linley, 201 So.2d 638 (Fla. 3d DCA 1967) does not stand for the proposition that an original custodial parent, who has lost custody and seeks to regain it, need not show a change in circumstances. Indeed, the Hoffman court affirmed a return of the children to their original custodian based on the trial court’s finding that “there had been a substantial change in circumstances of the parties since his order entered a year earlier awarding custody” to the other parent. Hoffman at 639 (emphasis supplied). It is clear that, regardless of the original custodian, to effect a change in custody the noncustodial parent has the “extraordinary burden” to show a substantial change in circumstances that adversely affects the children’s best interests. Green v. Green, 523 So.2d 771 (Fla. 1st DCA 1988); Purdon v. Purdon, 529 So.2d 334 (Fla. 1st DCA 1988). The wife did not carry her burden in this case, and modification was correctly denied.
However, the amount of child support awarded must be reversed and the issue reconsidered by the court in light of the correct legal standard. Determination of the amount of child support rests primarily in the discretion of the trial judge, but there must be consideration of factors such as the needs of the children, their age, their station in life, and the prior standard of living of the parents. Peak v. Peak, 411 So.2d 325, 327 (Fla. 5th DCA 1982) citing Bordman v. Bordman, 231 So.2d 543 (Fla. 3d DCA 1970). In the instant case, the trial judge based the award of $125 per month per child solely on his finding that that was the amount paid by the husband at the time the wife had primary custody. Therefore, we find that the award of the amount herein constituted an abuse of discretion, see Brotman v. Brotman, 528 So.2d 550 (Fla. 4th DCA 1988), and reverse and remand so that a new child support award may be made after consideration of the factors outlined above. Further evidence may be taken on this issue if necessary.
The trial court’s order is in all other respects affirmed.
SMITH, C.J., and NIMMONS, J., concur.